NICHOLSON, Appellee,

v.

LOG SYSTEMS, INC., d.b.a. Lincoln Log Homes, Appellant.

[Cite as *Nicholson v. Log Sys., Inc.* (1998), 127 Ohio App.3d 597.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16672.

Decided May 22, 1998.

*Roger C. Eckert,* for appellee.

*Paul W. Leithart II,* for appellant.

GRADY, Judge.

Defendant, Log Systems, Inc. ("Log Systems"), appeals from a summary judgment for plaintiff, D. Wallace Nicholson, on the claim for relief alleging violations of his Ohio Business Opportunity Plans Act, R.C. Chapter 1334.

Log Systems is located and incorporated in the state of North Carolina. It manufactures and distributes log home construction kits throughout the United States.

Nicholson is a resident of Montgomery County, Ohio. Prior to these events, he had no experience in the construction or sale of log homes.

In January 1987, Nicholson and Log Systems entered into a "Dealership Agreement" that granted Nicholson the right to sell products manufactured by Log Systems within a specified geographic area. Nicholson also agreed to

purchase a log home kit from Log Systems for a price of $16,225 within ninety days.

Nicholson paid the agreed price for a log home within the time provided. Shortly, however, he attempted to cancel the agreement orally. That proved unavailing, and in 1995 he filed the current action to recoup his payment and other damages and costs pursuant to the Ohio Business Opportunity Plans Act.

Log Systems interposed specific defenses to Nicholson's claims for relief. Among them was a claim that Ohio lacked jurisdiction and venue to determine Nicholson's claims. The defenses apparently relied on the following provisions of the Dealership Agreement, at paragraph 9:

"Dealer further acknowledges that he has been given no assurances, or guarantees of products to induce him to execute this Agreement. Dealer further acknowledges that this Agreement shall be construed and interpreted in accordance with the laws of the State of North Carolina.

"The parties hereto voluntarily consent and allow the courts of the State of North Carolina to assume jurisdiction over any disputes and controversies between the parties, arising out of or concerning this Agreement. The parties agree that any litigation arising out of this Agreement or concerning the rights and obligations hereunder, shall be commenced and maintained in the appropriate court in the State of North Carolina."

Log Systems filed a Civ.R. 12(B)(1) motion to dismiss, arguing that the foregoing forum selection provisions deprive Ohio of jurisdiction to determine Nicholson's claims for relief. The trial court denied the motion, holding that Nicholson's inexperience removed the agreement from the commercial context in which such forum selection clauses may apply and that Log Systems' conduct in demanding payment per the agreement prevented a bargained-for exchange of rights.

Subsequently, both parties filed motions for summary judgment. The trial court denied the motion filed by Log Systems, which renewed its forum selection argument. The court granted the motion that Nicholson filed, awarding a judgment of $16,225. The court also awarded treble damages and attorney fees, relief permitted by the Ohio Business Opportunity Plans Act.

Log Systems filed a timely notice of appeal. It now presents five assignments of error. The second assignment of error states:

"The common pleas court erred in its decision of October 6, 1995 denying appellant's motion to dismiss and determining that North Carolina law did not apply and North Carolina was an improper forum."

If this action is barred by the forum selection clause of the agreement between Nicholson and Log Systems because it can be brought only in the state of North Carolina, then the remaining assignments of error are moot. Therefore, we will consider this assignment of error first.

■ In holding that the forum selection clause of the parties' agreement was not binding on Nicholson, so as to preclude the action that he filed, the trial court relied on *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 610 N.E.2d 987. The syllabus by the court in that case states:

"Absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust."

In *Kennecorp,* the parties were a mortgage broker in Ohio and a California corporation. Their agreement provided that "[a]ll laws pertaining to this agreement shall be goverened [*sic* ] by the laws of the state of Ohio, as well as jurisdiction shall be in the Ohio courts." A complaint filed in Lucas County by the Ohio broker was dismissed for lack of personal jurisdiction. The court of appeals reversed, concluding that "since the parties appear to be sophisticated business entities and there was no evidence presented indicating that the terms of the contract were not negotiated freely and at arms length, the forum selection clause is enforceable." *Id.* at 174, 610 N.E.2d at 988.

The Supreme Court affirmed the judgment of the court of appeals but shifted the focus of its concern from the size and sophistication of the business entities involved to the context in which the agreement was made. The court noted: "[I]n the light of present-day commercial realities, it has been stated that a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside." *Id.* at 175, 610 N.E.2d at 989, citing *The Bremen v. Zapata Off–Shore Co.* (1972), 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513. The court went on to state:

"While research indicates that forum selection clauses have not been enforced in the past as being against public policy, see Annotation, Validity of Contractual Provision Limiting Place or Court in Which Action May Be Brought (1984), 31 A.L.R.4th 404, we believe that the better and more modern view is that such clauses are *prima facie* valid in the commercial contest, so long as the clause has been freely bargained for. *The Bremen, supra,* at 16, 92 S.Ct. at 1916–1917, 32 L.Ed.2d at 524.

"* * *

"Based on the reasoning set forth in *The Bremen, supra,* and *Burger King, supra*,[1] we believe it is clear that forum selection clauses in the commercial contract context should be upheld, so long as enforcement does not deprive litigants of their day in court. Therefore, we hold that absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." (Footnote added.) *Id.*, 66 Ohio St.3d at 175–176, 610 N.E.2d at 989.

The other cases compared in *Kennecorp* dealt with minimum contacts analysis, which the *Kennecorp* court rejected as a basis to overcome a forum selection clause.

The trial court refused to enforce the forum selection clause in the agreement between Nicholson and Log Systems, and Log Systems' motion for summary judgment asserting the clause as a bar to Nicholson's action, holding that enforcement would be unreasonable and unjust for two reasons.

First, Nicholson was an individual who had no prior experience in sales and dealership investment opportunities related to log homes. The court noted that he "is currently a route carrier and at the time of entering into the contract was working for his family's bakery supply business."

Second, the court found that there was no bargained-for exchange of rights because "[a]fter sending in a deposit [Nicholson] was sent some papers which he was told he had to sign within fifteen days and return to [Log Systems'] office or the agreement would not be finalized." *Id.*

■ We believe that the trial court misapplied the rule of *Kennecorp* in rejecting the forum selection clause in this case. The agreement was a commercial contract, not a consumer contract, Nicholson's inexperience notwithstanding.[2] The fact that he acted individually does not remove Nicholson from the classification of a "business entity," which he assumed by entering into a commercial agreement. Further, Log Systems' demands for payment were made after Nicholson had agreed to pay the money within ninety days, so no fraud or overreaching is demonstrated. Finally, the clause does not deprive Nicholson of his day in court, which he may have by filing an action in North Carolina. No other basis exists to find that enforcement of the forum selection clause would be unreasonable or unjust.

---

1. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528.

2. We note that in his letter dated January 9, 1987, returning the signed Dealers Agreement to Log Systems, Nicholson represented that he had "been in the business world for over twenty years as a banker and independent businessman."

We are not unmindful of the fact that filing an action outside Ohio creates a hardship for an individual litigant such as Nicholson. However, lawyers are available in North Carolina, and this type of claim is ordinarily taken on a contingent fee representation. The hardship the forum selection clause imposes is not such an undue hardship, therefore, that the clause may be judicially excised from the agreement that the parties made.

■ Nicholson also argues that forum selection clauses of this kind are prohibited by R.C. 1334.06(E)(2). That section states that no seller shall "[i]nclude in any agreement, any confession of judgment or any waiver of any rights to which the purchaser is entitled under sections 1334.01 to 1334.15 of the Revised Code, including specifically the right to cancel the agreement in accordance with this section."

We cannot agree that the forum selection clause is prohibited by R.C. 1334.06(E)(2). It is not a confession of judgment. Furthermore, it does not involve a waiver of any of the substantive rights conferred by other sections of R.C. Chapter 1334, except by making them unavailable because parties have elected to apply the law of another jurisdiction.

Defendant–appellant Log Systems' second assignment of error is sustained.

### Conclusion

Having sustained defendant–appellant's second assignment of error, we exercise the discretion we are afforded by App.R. 12(A)(1)(c) and decline to decide the remaining assignments of error, which are made moot by our determination.

The judgment of the trial court is reversed, and the case is remanded with instructions to enter a summary judgment for defendant–appellant Log Systems, Inc. on its motion for summary judgment, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and FAIN, JJ., concur.