INFORMATION LEASING CORPORATION, Appellant,

v.

JASKOT, d.b.a. Highbridge Mobil, Appellee.

[Cite as *Info. Leasing Corp. v. Jaskot*, 151 Ohio App.3d 546, 2003-Ohio-566.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020272.

Decided Feb. 7, 2003.

548

William P. Coley II, for appellant.

Young, Reverman & Mazzei and Stephen P. Rodenbeck, for appellee.

---

GORMAN, Judge.

{¶ 1} Plaintiff-appellant Information Leasing Corporation ("ILC") appeals from the trial court's dismissal of its complaint against defendant-appellee Walter Jaskot, d.b.a. Highbridge Mobil. ILC claimed in its complaint that Jaskot had defaulted under the terms of a contract between ILC, an Ohio corporation wholly owned by Provident Bank, and Jaskot for the rental of an automated teller

machine ("ATM"). The trial court granted Jaskot's motion to dismiss the complaint, ruling that the agreement's forum-selection clause was the product of overreaching by ILC, that there was little interest in maintaining the litigation in Ohio under the doctrine of forum non conveniens, and that Jaskot did not have minimum contacts with Ohio sufficient to confer in personam jurisdiction on an Ohio common pleas court. See Civ.R. 12(B)(2). Holding that the trial court erred in dismissing this case, and to amplify upon this court's previous analysis of the numerous ILC cases now being litigated in the lower courts, we reverse and remand.

{¶ 2} The written agreement between ILC and Jaskot was a contract for the rental and financing of an ATM machine. Jaskot is a resident of New York. The ATM was installed at his automobile service station located in Schenectady, New York. Jaskot entered into a separate agreement with Credit Card Center ("CCC"), a third-party corporation, to provide service for the ATM.

{¶ 3} Jaskot signed the ILC contract on behalf of his business and as a guarantor. Directly above the "authorized signature" line in the ILC agreement, in capital letters, was a consent-to-jurisdiction, or forum-selection, clause. The clause read, "YOU AGREE THAT THIS AGREEMENT SHALL BE CONSTRUED AND GOVERNED ACCORDING TO THE LAWS OF THE STATE OF OHIO, AND YOU CONSENT TO THE JURISDICTION AND VENUE OF ANY COURT LOCATED IN THE STATE OF OHIO. YOU AND WE EXPRESSLEY [sic] WAIVE ANY RIGHT TO TRAIL [sic] BY JURY."

{¶ 4} After the signature block was a personal guaranty statement that read, "I/WE CONSENT TO THE PERSONAL JURISDICTION AND VENUE OF ANY COURT LOCATED IN THE STATE OF OHIO. I/WE EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY. THIS GUARANTY SHALL BE CONSTRUED AND GOVERNED ACCORDING TO THE LAWS OF THE STATE OF OHIO." Jaskot signed after both statements.

{¶ 5} Shortly after the signing, CCC filed for bankruptcy relief in the federal courts. The ATM was not serviced, and Jaskot made only eight payments on the 60-month agreement with ILC. As a result of the default, ILC brought suit in Hamilton County, Ohio, pursuant to the forum-selection clause.

{¶ 6} On January 22, 2002, Jaskot filed an amended answer in which he claimed that the court lacked personal jurisdiction over him. On February 5, 2002, he moved to dismiss the complaint on this basis. By affidavit attached to his motion, Jaskot stated that he was unfamiliar with many of the terms contained in the ILC contract. ILC responded to the motion and attached a copy of the contract and the affidavit of ILC's supervisor of collections.

{¶ 7} In its written decision dismissing ILC's complaint against Jaskot, the trial court concluded that the forum-selection clause was invalid as the result of unequal bargaining and overreaching by ILC, that enforcement of the forum-selection clause violated public policy, and that its enforcement would be burdensome and inconvenient to Jaskot.

{¶ 8} In its first and third assignments of error, ILC now contends that the trial court erred in dismissing its complaint against Jaskot for breach of contract, where both parties were commercial entities and the contract contained a valid forum-selection clause conferring personal jurisdiction on the Ohio courts. We agree.

## Standard of Review

{¶ 9} The record on appeal reflects that no evidentiary hearing was held on Jaskot's motion to dismiss the complaint for lack of personal jurisdiction. The trial court decided the issue based upon the memoranda and argument of counsel, the pleadings, and the attached affidavits. As this court noted in *Info. Leasing Corp. v. Baxter*, 1st Dist. No. C–020029, 2002-Ohio-3930, at ¶ 4, 2002 WL 1769453, review of such a decision to dismiss a complaint is de novo.

## The Forum–Selection Clause

{¶ 10} At common law, forum-selection clauses were not favored. See Solimine, Forum Selection Clauses and the Privatization of Procedure (1992), 25 Cornell Intl.L.J. 51, 53–54. In *M/S Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513, the United States Supreme Court held that, in light of the increase in multi-jurisdiction business transactions and "present-day commercial realities * * * [a] forum clause should control absent a strong showing that it should be set aside." The court held that "such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." (Footnote omitted.) Id. at 10, 92 S.Ct. 1907, 32 L.Ed.2d 513.

{¶ 11} The Supreme Court of Ohio has adopted this view, in the syllabus paragraph of *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 610 N.E.2d 987, holding that "[a]bsent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." The court noted that a valid forum-selection clause is one legal arrangement by which the parties to a contract may waive the due-process requirement for personal jurisdiction enunciated in *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and its progeny, and consent to the

jurisdiction of a particular court system. See *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d at 175, 610 N.E.2d 987.

{¶ 12} In determining the validity of a particular forum-selection clause, therefore, trial courts should employ a three-step analysis.

### 1. The Commercial Nature of the Contract

{¶ 13} First, the commercial nature of a contract is a vital factor weighing in favor of enforcement of the forum-selection clause. See id. at syllabus. Commercial forum-selection clauses between for-profit business entities are prima facie valid. See id. at 175, 610 N.E.2d 987. By contrast, in Ohio, forum-selection clauses are less readily enforceable against consumers. See *Copelco Capital, Inc. v. St. Mark's Presbyterian Church* (Feb. 1, 2001), 8th Dist. No. 77633, 2001 WL 106328. The federal courts, however, have held that forum-selection clauses are presumptively valid even in form contracts, or contracts of adhesion, arising between a cruise line and its noncommercial consumer passengers. See *Carnival Cruise Lines, Inc. v. Shute* (1991), 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622.

{¶ 14} In this case, Jaskot's agreement with ILC was not a consumer contract but a commercial one. See *Nicholson v. Log Sys., Inc.* (1998), 127 Ohio App.3d 597, 601, 713 N.E.2d 510. Jaskot is the owner and operator of Highbridge Mobil, a for-profit commercial enterprise. His agreement with ILC was between two business entities. It is immaterial that Jaskot is a sole proprietor. Unlike a consumer who enters into a contract with a commercial entity, Jaskot is presumed to have some experience in contractual and business matters.

### 2. The Absence of Fraud or Overreaching

{¶ 15} Next, a valid forum-selection clause must not be the product of "fraud or overreaching." *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.,* syllabus. In *Info. Leasing Corp. v. Murrish* (Jan. 15, 2003), 1st Dist. No. C–020286, this court invalidated an identical forum-selection clause where there was unrebutted evidence that the clause was the product of fraud in the inducement. Here, there is no evidence of similar fraud.

{¶ 16} The substance of Jaskot's argument is that he is not a sophisticated businessman and did not understand certain terms of the agreement such as "venue," "jurisdiction," and "personal guaranty." Because of the gross disparity between his sophistication and that of ILC, Jaskot contends, and the trial court agreed, that the selection of Ohio as the forum for resolution of contract disputes was a product of overreaching. Thus, they declare that the forum-selection

clause is invalid, and it would be unconscionable to hold Jaskot to the terms of the contract and to litigate the dispute in Ohio.

■ {¶ 17} Jaskot's argument fails because the lack of sophistication of one commercial party to the agreement is not a sufficient basis to invalidate a forum-selection clause in a commercial contract. See *Nicholson v. Log Sys., Inc.*, 127 Ohio App.3d at 601, 713 N.E.2d 510; see, also, *Discount Bridal Serv., Inc. v. Kovacs* (1998), 127 Ohio App.3d 373, 377, 713 N.E.2d 30; *Bernath v. Potato Serv. of Michigan* (Sept. 30, 2002), N.D. Ohio No. 3:02CV7105, 2002 WL 31233240. Thus Jaskot's inexperience and ILC's prowess notwithstanding, Jaskot's lack of knowledge of legal terms and his unfamiliarity with ATM lease agreements cannot invalidate the forum-selection clause. See, also, *Haller v. Borror Corp.* (1990), 50 Ohio St.3d 10, 14, 552 N.E.2d 207.

### 3. Is Enforcement Otherwise Unreasonable or Unjust?

■ {¶ 18} Finally, an otherwise valid forum-selection clause cannot be enforced if it is "unreasonable or unjust." *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, syllabus. Under this step of the analysis, courts are to determine whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus "depriv[ing] litigants of their day in court." Id. at 176, 610 N.E.2d 987; see, also, *Info. Leasing Corp. v. Baxter*, 1st Dist. No. C–020029, 2002-Ohio-3930, at ¶ 12, 2002 WL 1769453.

■ {¶ 19} Here Jaskot contends that the clause was unreasonable and unjust because of the attendant difficulties of litigating the case in Ohio. A finding of unreasonableness or injustice must, however, be based on more than inconvenience to the party seeking to avoid the forum-selection clause's requirements. See *Vintage Travel Serv., Inc. v. White Heron Travel of Cincinnati* (May 22, 1998), 2d Dist. No. 16433, 1998 WL 257862 (validating forum-selection clause naming Texas as the appropriate forum for an Ohio business dispute); see, also, *Discount Bridal Serv., Inc. v. Kovacs*, 127 Ohio App.3d 373, 713 N.E.2d 30 (Maryland not an inconvenient forum); *Nicholson v. Log Sys., Inc.*, 127 Ohio App.3d 597, 713 N.E.2d 510 (North Carolina not an inconvenient forum).

■ {¶ 20} Instead, it must appear that enforcement in Ohio would be "manifestly and gravely inconvenient" to the party seeking to avoid enforcement such that "it will be effectively deprived of a meaningful day in court * * *." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. at 19, 92 S.Ct. 1907, 32 L.Ed.2d 513; see, also, *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d at 176, 610 N.E.2d 987; *Cent. Ohio Graphics, Inc. v. O'Brien Business Equip., Inc.* (Mar. 28, 1996), 10th Dist. No. 95APE08–1016, 1996 WL 145480. Here, while Jaskot might find Ohio an inconvenient location to

litigate the contract dispute, there is no evidence that holding the litigation in this state would be such a manifest or grave injustice as to deny Jaskot a meaningful day in court.

{¶ 21}  Therefore, the trial court's ruling that the forum-selection clause was not enforceable was contrary to law.

### Minimum–Contacts Analysis Not Appropriate

{¶ 22}  In its entry granting dismissal of the complaint, the trial court also held that Jaskot lacked sufficient minimum contacts with Ohio to permit the litigation to go forward in this state.  Our determination of the validity of the forum-selection clause obviates the need to review the trial court's minimum-contacts analysis as a party may waive the due-process requirements of personal jurisdiction.  See *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d at 175, 610 N.E.2d 987.  Nonetheless, in light of this court's thorough review of the trial court's minimum-contacts analysis in *Info. Leasing Corp. v. Baxter*, 1st Dist. No. C–020029, 2002-Ohio-3930, at ¶ 8 et seq., 2002 WL 1769453, we note that the Supreme Court of Ohio has held that a minimum-contacts analysis "is not appropriate in determining the validity of forum-selection clauses in commercial contracts."  *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d at 175, 610 N.E.2d 987.  As Jaskot validly waived the necessity of ILC's proving sufficient contacts, further due-process analysis is not needed.  The first assignment of error is, therefore, sustained.

{¶ 23}  Based upon our resolution of the first assignment of error, ILC's third assignment of error, in which it asserts that the trial court erred in finding the forum-selection clause invalid and in dismissing its complaint because it failed to address the impact of R.C. Chapter 1310, is rendered moot.  See App.R. 12(A)(1)(c).

### Forum Non Conveniens

{¶ 24}  In its second assignment of error, ILC contends that the trial court erred in dismissing the complaint on the basis of forum non conveniens "to achieve the ends of justice and convenience of the parties and witnesses." *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, paragraph one of the syllabus.  Forum non conveniens is a common-law doctrine permitting a court to dismiss an action in favor of another, more convenient forum.  In *Info. Leasing Corp. v. Baxter*, 1st Dist. No. C–020029, 2002-Ohio-3930, at ¶ 8 and ¶ 12, 2002 WL 1769453, this court held that where both parties to a contract are commercial entities and the contract contains a valid forum-selection clause, the clause cannot be invalidated by the common-law

doctrine of forum non conveniens. See, also, *Info. Leasing Corp. v. Triangle Indian Market, LLC* (Oct. 2, 2002), 1st Dist. No. C–020028. As the resolution of the first and third assignments of error has determined that the forum-selection clause was valid and enforceable, we hold that the trial court abused its discretion in dismissing the complaint under the doctrine of forum non conveniens and sustain the second assignment of error.

{¶ 25} Therefore, the judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with law and this opinion.

Judgment reversed
and cause remanded.

DOAN, P.J., and SUNDERMANN, J., concur.