*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0242p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

PREFERRED CAPITAL, INC.,

*Plaintiff-Appellant,*

*v.*

No. 05-3584

ASSOCIATES IN UROLOGY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-02359—James Gwin, District Judge.

Argued: June 6, 2006

Decided and Filed: July 12, 2006

Before: SILER, CLAY, and McKEAGUE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Tamara A. O'Brien, RODERICK LINTON, Akron, Ohio, for Appellant. Dante C. Rohr, MATTIONI, LTD., Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** Tamara A. O'Brien, RODERICK LINTON, Akron, Ohio, for Appellant. Dante C. Rohr, John Mattioni, MATTIONI, LTD., Philadelphia, Pennsylvania, Gene B. George, Thomas M. Wynne, RAY, ROBINSON, CARLE & DAVIES, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

CLAY, Circuit Judge. Plaintiff, Preferred Capital, Inc., appeals the district court Order granting Defendant, Associates in Urology's Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of jurisdiction. The district court found that the forum selection clause in the contract between Defendant and Plaintiff, whose interest was assigned to Plaintiff by non-party NorVergence, was unenforceable for being unjust. For the reasons set forth below, we hold that the district court improperly found the forum selection clause to be invalid, and erred in granting Defendant's motion to dismiss. We therefore **REVERSE** the district court.

I.

Plaintiff, Preferred Capital, Inc., is an Ohio company. Defendant, Associates in Urology, is a medical practice group with its principal place of business in Ridley Park, Pennsylvania.

Defendant also operates in Delaware and eastern Pennsylvania. It is undisputed that Defendant does not do business in, nor has any contacts with, the state of Ohio.

On February 16, 2004, Defendant entered into three lease agreements with NorVergence, Inc.,[1] a New Jersey company, for the rental of telecommunications equipment, and agreed to make monthly payments on said equipment for a period of sixty months. Defendant accepted delivery of the equipment and signed the lease agreements on May 10, 2004, each of which contained the following forum selection clause:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way related to this rental.

(J.A. at 49.) Unbeknownst to Defendant, its agreements with NorVergence had already been assigned to Plaintiff.[2] Defendant was notified of the assignments via three individual letters dated May 11, 2004. The letters identified Plaintiff as the assignee and Plaintiff's business address as 6860 West Snowville Road in Brecksville, Ohio. Following the assignments, Defendant failed to make timely rental payments, thereby defaulting on the agreements.

On October 19, 2004, Plaintiff filed suit against Defendant in the Court of Common Pleas for Summit County, Ohio, claiming damages in the amount of $76, 724.01. Defendant removed the case to the U.S. District Court for the Northern District of Ohio on November 29, 2004. In its Answer, Defendant denied all liability and raised affirmative defenses, including lack of jurisdiction, improper venue, and *forum non conveniens*.

On January 14, 2005, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction over the person, or in the alternative for summary judgment pursuant to Rule 56. The district court granted Defendant's 12(b)(2) motion to dismiss on April 5, 2005. Plaintiff timely appealed to this Court on April 28, 2005.

II.

This Court reviews *de novo* the district court's dismissal of a case for lack of personal jurisdiction under rule 12(b)(2). *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd*, 91 F.3d 790, 793 (6th Cir. 1996). If the Court grants the defendant's motion without holding an evidentiary hearing, then the Court must consider the pleadings and affidavits in a light most favorable to the

---

[1]The district court provides rather extensive background about NorVergence, stating that NorVergence is now the subject of a fraud investigation by the Federal Trade Commission. NorVergence is accused of having defrauded about 11,000 customers, mostly small businesses, by making misleading claims that it would provide them with years of dramatic savings on monthly telephone, cellular and internet bills. NorVergence claimed that savings would be generated by a "Matrix" black box that would be installed on customers' premises. In reality, according to the FTC, the black boxes that NorVergence rented to customers for inflated prices of $400 to $5700 per month were nothing more than standard telephone routers that had little do with savings.

[2]Plaintiff's agreements with NorVergence were subject to assignment under the terms of a Master Program Agreement that was entered into between Defendant and NorVergence on September 30, 2003. Pursuant to that agreement, Plaintiff had the option to accept the assignment of existing and future rental agreements between NorVergence and its customers.

plaintiff; and the plaintiff need only make a *prima facie* showing of jurisdiction to defeat such a motion. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). Dismissal is proper where the facts taken together fail to establish a *prima facie* case for personal jurisdiction. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

We also note that "the enforceability of a forum selection clause is a question of law that we review *de novo*." *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1104 (6th Cir. 1997) (citing *Shell v. R.W. Storage, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)). We need not consider whether to apply state or federal law to decide this issue because Ohio law and federal law treat forum selection clauses similarly. *General Electric Co. v. G. Siempelkamp*, 29 F.3d 1095, 1098 n. 3 (6th Cir. 1994).

III.

"[T]he requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system." *Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hospital, Inc.*, 610 N.E. 2d 987, 988 (Ohio 1993). The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court. *See generally M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972).

A forum selection clause contained in an agreement in connection with an arm's length commercial transaction between two business entities is valid and enforceable. *Kennecorp*, 610 N.E. 2d at 988 (upholding the validity of a forum selection clause in a contract between a California company and an Ohio-based company which designated Ohio as the forum and Ohio law as the choice of law). The Supreme Court has stated that in light of present-day commercial realities, a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside. *M/S Bremen*, 407 U.S. at 15; *see also General Electric Co.*, 29 F.3d at 1099 (rejecting Plaintiff's attempts to avoid litigating in Germany, the forum identified in the forum selection clause, as opposed to Ohio, on the grounds that Plaintiff, a sophisticated business had agreed to the deal and because Germany was where the deal was signed and negotiated, the goods were manufactured, much of the contract was performed and presumably where witnesses would be located); *Kennecorp*, 610 N.E. 2d at 989.

In determining the validity of a particular forum selection clause, we thus consider the following factors: (1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust. *Info. Leasing Co. v. Jaskot*, 784 N.E. 2d 1192, 1195-96 (Ohio Ct. App. 2003); *see also* M/S Bremen, 407 U.S. at 15; and *Kennecorp*, 610 N.E. 2d at 989. In deciding this appeal, we address each of the three factors below:

1.   *Commercial Nature of the Contract*

The commercial nature of a contract is a vital factor weighing in favor of enforcement of a forum selection clause. *Info. Leasing Co.*, 784 N.E. 2d at 1195. Commercial forum selection clauses between for-profit business entities are *prima facie* valid. "[S]uch clauses are *prima facie* valid in the commercial context, so long as the clause has been freely bargained for." *Kennecorp*, 610 N.E. 2d at 989; *Info. Leasing Co.*, 784 N.E. 2d at 1195 (finding that defendant sole proprietorship was not in the same position as a consumer who enters into an agreement with a commercial entity, and was presumed "to have some experience in contractual and business matters.").

The commercial nature of the agreements is not in dispute. Both parties agree that the forum selection clause at issue here is part of a commercial contract between business entities.

2.      *Fraud or Overreaching*

A valid forum selection clause must not be the product of fraud or overreaching. *See Info. Leasing Co.*, 784 N.E. 2d at 1196; *Kennecorp*, 610 N.E. 2d at 989. Defendant claims that the forum selection clause at issue here is invalid because "Preferred Capital along with NorVergence fraudulently induced Associates into accepting the forum-selection clause." (Defendant's Br. at 14.) Defendant further alleges that the forum selection clause was fraudulent because Plaintiff and NorVergence, unbeknownst to Defendant, had already agreed to the assignment at the time that Defendant entered into the original contract with NorVergence. Plaintiff argues, and the district court held, that no matter what NorVergence may have intended, the forum selection clause itself was not the product of fraud. We agree that Defendant has produced no evidence which would indicate that Defendant was fraudulently induced to enter into the forum selection clause with NorVergence.

In *Moses v. Bus. Card Express*, 929 F.2d 1131 (6th Cir. 1991), this Court reviewed the validity of forum selection and choice of law clauses in a franchise agreement. The plaintiff in that case appealed the district court's enforcement of the clauses, arguing that the defendant's fraudulent intent invalidated the clauses. This Court affirmed the district court, holding that:

> [U]nless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to *agree to inclusion of that clause* in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause.

*Moses,* 929 F.2d at 1138 (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)) (emphasis in original).

Defendant here offers no evidence of fraud, misrepresentation, or overreaching on the part of Plaintiff or NorVergence in inducing Defendant to agree to inclusion of the forum selection clause in the agreements. While it appears that the original party to the agreement, NorVergence, was probably engaged in some illegal and fraudulent activities involving many of its clients, and possibly even Defendant, there is no allegation that Defendant did not knowingly and willingly consent to inclusion of the forum selection clause in the agreement. As stated by the district court, "[g]eneral claims of fraud against NorVergence do not suffice" to invalidate the forum selection clause. (J.A. at 76.)

3.      *Whether the Forum Selection Clause is Unreasonable or Unjust*

Lastly, the case law provides that an otherwise valid forum selection clause cannot be upheld if it is "unreasonable or unjust." *Info. Leasing Corp.*, 784 N.E. 2d at 1196 (citations omitted). "Under this step of the analysis, courts are to determine whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus 'depriving litigants of their day in court.'" *Id.* (citations omitted). A finding of unreasonableness or injustice must be based on more than mere inconvenience to the party seeking to avoid the requirements of the forum selection clause. *Id.* It must instead appear that "enforcement in Ohio would be 'manifestly and gravely inconvenient' to the party seeking to avoid enforcement such that it will 'effectively be deprived of a meaningful day in court.'" *Id.* (quoting *Bremen*, 407 U.S. at 19).

The Ohio Eighth District Court of Appeals addressed a similar issue in the unreported case, *Copelco Capital v. St. Marks Presbyterian Church*, No. 77633, 2001 WL 106328 (Ohio Ct. App. 2001). The defendants in *Copelco* were St. Marks Presbyterian Church and its pastor, Reverend Joan Campbell. The defendants had entered into an equipment lease contract with Cleveland-based American Financial Resources, who assigned the contract to the plaintiff, Copelco Capital, a New Jersey company, on the same day that it was entered into. *Id.* at *1. The defendants defaulted on

the lease agreement, which included a forum selection clause that did not identify a particular jurisdiction but merely indicated that disputes over the contract, if assigned, would be "interpreted construed and enforced in accordance with the laws and public policies of the State of incorporation of the assignee," and that the defendant "consents to personal jurisdiction and venue in either the United States District Court or appropriate State court in the state of assignee's corporate headquarters." *Id.*

The plaintiff filed suit in New Jersey state court, and ultimately obtained a foreign judgment against the defendants. *Id.* The defendants then filed a motion for relief pursuant to Civ. R. 60(B) in Ohio state court, seeking relief from judgment, which was denied by the trial court. *Id.* at *2. On appeal, the *Copelco* court vacated the trial court judgment and refused to uphold the forum selection clause, finding that the clause was invalid because the defendants "were not sophisticated commercial entities engaged in business for profit, but rather [were] a local church and its reverend." *Id.* at *4. In so holding, the *Copelco* court recognized that assignees, pursuant to their contracts with assignors, are "vested with the rights and remedies available to the assignor," but found that "under the particular circumstances" of that case, enforcement of the forum selection clause would be unreasonable. *Id.* (distinguishing *Kennecorp* on the grounds that the forum selection clause at issue failed to specify the jurisdiction of a particular court; and because defendants would not expect to be hauled into court in New Jersey since both it and the assignor were based in Ohio).

While the court's reasoning in *Copelco* is persuasive, we are of the opinion that the situation in *Copelco* is easily distinguishable from the present circumstances, and that the district court improperly relied upon *Copelco* in holding the forum selection clause invalid. *Copelco* does not control here because this case involves two commercial entities involved in for-profit businesses. Unlike the defendant in *Copelco*, this Defendant is not an unsophisticated church and its reverend. Rather, Defendant is a business organization that contracted to receive services from another business organization. The contract clearly stated that assignment was a possibility, and that in the event of assignment, any disputes would be governed by the laws of the state of incorporation of the assignee. Even the *Copelco* court recognized that under different circumstances, assignees are vested with the same rights and remedies that are available to the assignor. *Id.* at *4. Assignees like Plaintiff have the right to the benefit of their bargain unless it would be unreasonable or unjust to enforce the terms of the agreement, and we do not believe that it would be so here.

Defendant is a commercial entity, and should have realized the implications of agreeing to the inclusion of a forum selection clause that did not identify an assignee or specified jurisdiction. Having failed to object to the terms of the forum selection clause, Defendant now claims that it is disadvantageous for it to have to litigate this case in Ohio. While Defendant may be dissatisfied with the litigation forum, it is not our task to save Defendant from the consequences of an agreement it freely entered into.

We also do not agree with the contention of the district court and Defendant that Defendant had no notice that it could face litigation in Ohio. Not only did Defendant expressly agree to submit to jurisdiction anywhere in the country, including Ohio, Defendant was also given written notice of the assignments on May 11, 2004, the day after the agreements were executed. The letters providing notice identified Plaintiff as the assignee and listed Plaintiff's business address as Brecksville, Ohio. Given the terms of the forum selection clause in the agreements that Defendant signed, Defendant was indeed on notice practically from the inception of the agreements that any disputes would be litigated in Ohio, where the offices of Plaintiff-assignee are located.

Although a forum selection clause is not always voidable or unenforceable simply on grounds of inconvenience, the argument of lack of convenience in the instant case strains credulity. It is difficult to comprehend Defendant's contention that the distance between Ohio and Pennsylvania would deprive Defendant of its day in court. Ohio and Pennsylvania are neighboring

states, and while Defendant may have to travel a few hours, it cannot be said to be "manifestly and gravely inconvenient" for Defendant to have to defend this case in Ohio.

Having found no evidence that enforcement of the forum selection clause would be unreasonable or unjust, we hold that the forum selection clause is valid and enforceable.

IV.

For the foregoing reasons, we **REVERSE** the district court's grant of Defendant's motion to dismiss, and **REMAND** this case for further proceedings consistent with this Opinion.