{¶ 40} I respectfully dissent, as I believe the forum selection clause contained in the distributor application is binding on the parties.
 {¶ 41} "Absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust."[3] *Page 11 
 {¶ 42} Once a forum selection clause is determined to be valid and enforceable, jurisdiction rests with the forum designated in the clause.[4]
 {¶ 43} The Supreme Court of Ohio has held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[5]
 {¶ 44} American Calendar attached a copy of an opinion from the Circuit Court for the Third Judicial District of Tennessee at Greeneville to its motion to dismiss. In this opinion, the Circuit Court for the Third Judicial District of Tennessee explains that an action was filed by American Calendar against Stradiot in the Sessions Court. The Sessions Court denied Stradiot's motion to dismiss for lack of personal jurisdiction. Stradiot appealed to the Circuit Court for the Third Judicial District of Tennessee. In its opinion, the Circuit Court for the Third Judicial District of Tennessee held:
 {¶ 45} "This court is of the opinion that Tennessee Courts and Greene County Courts are a convenient forum that hears all cases that arise between the parties, there is not evidence of the forum selection clause being unfair, no evidence that [Stradiot] didn't know about the forum selection clause over the past several years, that the parties had been engaged in business transactions, no complaints had been expressed by [Stradiot] as to any unfairness, to [Stradiot], because of this forum selection clause as the parties continued to do business off and on over the past twelve to fourteen years. This forum selection clause betweenthese two businesses is valid, as a result of this valid forum selection clause [Stradiot] agreed to personal jurisdiction in the courts of *Page 12 
Greene County, Tennessee. [Stradiot's] motion to dismiss this case because of the forum selection clause is denied." (Emphasis added.)
 {¶ 46} The difficulty is that the Tennessee judgment entry is not properly authenticated and, therefore, is not competent evidence. Had the Tennessee judgment entry been properly authenticated, res judicata would mandate that the court's holding that there was a valid forum selection clause be followed.
 {¶ 47} However, the inquiry does not stop there, since even without a proper foreign judgment, the trial court was still faced with a valid, enforceable forum selection clause in the subject document. As the majority notes, that document was a distributor "application." It must be noted that Stradiot was the applicant (the person making the offer), and American Calendar, through its subsequent performance, accepted that offer, thereby creating a binding contract.[6]
 {¶ 48} The forum selection clause stated that "any disputes arising out of this agreement" shall be litigated in the Tennessee courts. The agreement concerned the extension of credit to Stradiot. The instant dispute concerned a calendar order that was shipped to American Calendaron credit. Thus, the forum selection clause is enforceable, and the trial court erred by failing to dismiss the instant matter.
 {¶ 49} Alternatively, there is an additional reason to overturn this default judgment.
 {¶ 50} In the instant case, American Calendar filed a motion to dismiss and a motion to transfer the matter to a foreign jurisdiction. It attempted to file an untimely answer, but the answer was stricken by the trial court. It also attempted to file a motion *Page 13 
for summary judgment, which was also disallowed by the court. It is disingenuous to suggest that all of this activity somehow amounts to a "failure to defend."
 {¶ 51} By virtue of the actions taken by American Calendar to "otherwise defend," it was not in default.[7] "It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or `otherwise defend(ing)' that a default arises."[8] It was error, therefore, for the trial court to enter a default judgment pursuant to Civ.R. 55 when American Calendar had "otherwise defend[ed]" in the action. For this additional reason, the judgment of the trial court should be reversed.
[3] Kennecorp Mtge. Brokers, Inc. v. County Club Convalescent Hosp.Inc. (1993), 66 Ohio St.3d 173, syllabus.
[4] See, e.g., Tri County Distrib., Inc. v. Canandaigua Wine Co.
(1993), 68 Ohio St.3d 123, 129. See, also, Info. Leasing Corp. v.Jaskot, 151 Ohio App.3d 546, 2003-Ohio-566, at ¶ 24.
[5] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
[6] See Kostelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, at ¶ 16-33.
[7] Westmoreland v. Valley Homes Mut. Housing Corp. (1975),42 Ohio St.2d 291, 293-294. See, also, Ohio Valley Radiology Assoc. v. OhioValley Hosp. Assn. (1986), 28 Ohio st.3d 118, 121.
[8] Ohio Valley Radiology Assoc. v. Ohio Valley Hosp. Assn., Ohio 28 St.3d at 121. *Page 1