[Cite as *Fifth Third Bank v. Celebration Suzuki, Inc.*, 2011-Ohio-4356.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FIFTH THIRD BANK, | : | APPEAL NO. C-100026 |
| | | TRIAL NO.  A-0907017 |
| Plaintiff-Appellant, | : | |
| | | *D E C I S I O N.* |
| vs. | : | |
| CELEBRATION SUZUKI, INC., | : | |
| and | : | |
| CHRISTOPHER BRUNSON, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 31, 2011

*Statman, Harris, and Eyrich, LLC*, *Alan Statman* and *William B. Fecher*, for Plaintiff-Appellant,

*David C. Olson*, for Defendants-Appellees.

Please note:  This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN**, Judge.

{¶1}     Plaintiff-appellant Fifth Third Bank appeals from the judgment of the Hamilton County Court of Common Pleas dismissing its complaint against defendants-appellees Celebration Suzuki, Inc., a South Carolina corporation, and Christopher Brunson, a South Carolina resident.   In its complaint, Fifth Third Bank had sought damages under a promissory note, an amended promissory note, and a guaranty used to finance the operation of an automobile dealership in South Carolina.

{¶2}     In two assignments of error, Fifth Third Bank argues that the trial court erred as a matter of law by refusing to enforce a forum-selection clause in its loan documents with Celebration Suzuki and a forum-selection clause in its guaranty with Brunson.   Finding merit in both its assignments of error, we reverse the trial court's decision and remand this case for further proceedings consistent with this decision.

### I.  Fifth Third's Lawsuit

{¶3}     In February 2007, Celebration Suzuki borrowed $2.75 million from Fifth Third Bank in a transaction that was completed with the execution of three documents: a Master Secured Promissory Note (the "Note") executed by Brunson as Celebration Suzuki's President, an Unlimited Payment Guaranty on the Note (the "Guaranty"), which was executed by Brunson and Robert Collins, and a "Dealer Floor Plan Agreement" signed by Brunson as Celebration Suzuki's president.   In May 2008, Brunson executed an Amended and Restated Master Secured Promissory Note ("Amended Note") on behalf of Celebration Suzuki for $5 million that replaced and amended the Note, as well as an amendment to the Dealer Floor Plan Agreement.

{¶4}     The Dealer Floor Plan Agreement and Amendment to the Dealer Floor Plan Agreement included language stating that Fifth Third Bank was an Ohio banking corporation. The Note, Amended Note, and Guaranty additionally stated that Fifth Third

Bank maintained its principal place of business in Cincinnati, Ohio. The Note, Amended Note and Dealer Floor Plan Agreement also contained cross-default provisions that made a default of any agreement an event of default under the others.

{¶5} Although the Note and Amended Note did not contain a forum-selection clause, their execution was required as part of the Dealer Floor Plan Agreement and they specifically incorporated by reference the Dealer Floor Plan Agreement, which provided, "[Celebration Suzuki] agrees that the state and federal courts of South Carolina, or any other court in which Bank initiates proceedings have exclusive jurisdiction over all matters arising out of this Floor Plan Agreement * * *."

{¶6} The Guaranty also contained a forum-selection clause, which provided that "[e]ach guarantor agrees that the state and federal courts in the county and state where the Bank's principal place of business is located or any other Court in which Bank initiates proceedings will have exclusive jurisdiction over all matters arising out of the Guaranty."

{¶7} In September 2008, Celebration Suzuki allegedly failed to make payments in accordance with the Note and Amended Note, and Fifth Third Bank exercised its rights to accelerate the Note and Amended Note. When Celebration Suzuki and Brunson failed to satisfy the Amended Note, Fifth Third Bank subsequently brought suit against them in the Hamilton County Common Pleas Court.

{¶8} Shortly thereafter, Celebration Suzuki and Brunson moved to dismiss the complaint, arguing that the trial court lacked personal jurisdiction over them because the Note and Amended Note did not contain a forum-selection clause, the forum-selection clause in the Guaranty was overly broad and unenforceable, and because Fifth Third Bank could not otherwise obtain jurisdiction over them under Ohio's long arm statute. The trial court granted Celebration Suzuki's and Brunson's

motions to dismiss Fifth Third Bank's complaint. With respect to Celebration Suzuki, the trial court held that the Note and Amended Note incorporated by reference the Dealer Floor Plan Agreement, which contained a forum-selection clause, but the court refused to enforce the clause because Celebration Suzuki could not have foreseen litigating in Ohio no matter how carefully it had read the contract. The trial court held that the forum-selection clause in the Guaranty was unenforceable against Brunson because he was an individual and not a commercial entity. The court further held that because Fifth Third Bank had failed to establish jurisdiction under Ohio's long arm statute, it lacked personal jurisdiction over Celebration Suzuki and Brunson.[1]

### II. The Forum-Selection Clause in the Dealer Floor Plan Agreement

{¶9} In its first assignment of error, Fifth Third Bank argues that the trial court erred in granting Celebration Suzuki's motion to dismiss for lack of personal jurisdiction.

{¶10} Because the trial court did not conduct an evidentiary hearing on Celebration Suzuki's and Brunson's motions to dismiss Fifth Third Bank's complaint for lack of personal jurisdiction, we review its decision to dismiss the complaint de novo.[2]

{¶11} The Ohio Supreme Court has employed a three part inquiry for determining the validity of a forum-selection clause: "(1) Are both parties to the contract commercial entities? (2) Is there evidence of fraud or overreaching? (3) Would enforcement of the clause be unreasonable or unjust?"[3]

{¶12} In this case, neither Fifth Third Bank nor Celebration Suzuki dispute that they are commercial entities. Similarly, Celebration Suzuki has not asserted, nor is

---

[1] *Fifth Third Bank v. Celebration Suzuki, Inc.*, (Nov. 29, 2009), Hamilton C.C.P. No. A-0907017.
[2] *Information Leasing Corp. v. Jaskot*, 151 Ohio App.3d 546, 2003-Ohio-566, 784 N.E.2d 1192, ¶9; *Information Leasing Corp. v. Baxter*, 1st Dist. No. C-020029, 2002-Ohio-3930,¶4.
[3] *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶7, citing *Kennecorp Mtge. Brokers, Inc. v. County Club Convalescent Hosp., Inc.*, 66 Ohio St.3d 173, 1993-Ohio-203, 610 N.E.2d 987, syllabus.

there any evidence, that the forum-selection clause was procured by fraud or overreaching. Rather, Celebration Suzuki argued, and the trial court agreed, that enforcement of the forum-selection clause in the Dealer Floor Plan Agreement would be unreasonable because it did not name a specific jurisdiction in which Fifth Third Bank could bring suit. In this regard, the trial court relied heavily upon the Ohio Supreme Court's decision in *Preferred Capital, Inc. v. Power Eng. Group, Inc.*[4]

{¶13} In *Preferred Capital*, two parties had entered into a leasing agreement that contained a floating forum-selection clause, which provided:

{¶14} "This agreement shall be governed by * * * the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located * * * and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State * * *."[5]

{¶15} At the time the lease agreement was executed, the rentor's principal place of business was in New Jersey.[6] However, prior to the execution of the lease agreement and without the lessee's knowledge, the rentor entered into a Master Program Agreement with a third-party whereby the lease agreement could be assigned to the third-party at any time.[7] Although the rentor knew before the lease agreement was executed that the lease would likely be assigned, the rentor withheld that information and even the existence of the Master Program Agreement.[8]

{¶16} The rentor intentionally chose to conceal the Master Program Agreement from the lessee until after the lease agreement was executed. A day after the

---

[4] Supra.
[5] Id. at ¶2.
[6] Id.
[7] Id. at ¶3-4.
[8] Id.

execution of the lease agreement, the rentor assigned the lease agreement to a third-party, an Ohio corporation, thereby changing the jurisdiction under the Master Program Agreement's forum-selection clause from New Jersey to Ohio.[9]  The Ohio corporation then sued the lessee in an Ohio court.[10]

{¶17}  In finding the forum-selection clause unenforceable, the *Preferred Capital* court stated that even though enforcement of the clause would not deprive any appellant of his day in court, the clause was, nonetheless, unreasonable "because even a careful reading of the clause by a signatory would not answer the question of where he may be forced to defend or assert his contractual rights."[11]  The court further observed that the contract could have been assigned any number of times, and it stated that "[i]t is one thing for a contract to include a waiver of personal jurisdiction and an agreement to litigate in a foreign jurisdiction.  It is quite another to contract to litigate the same contract in any number of different jurisdictions, located virtually anywhere."[12]

{¶18}  While the *Preferred Capital* court could have invalidated the clause based solely on its failure to specify a particular forum, it did not do so.  Instead, it went on to hold that "when one party to a contract containing a floating forum-selection clause possesses undisclosed information of its intent to assign its interest in the contract almost immediately to a company in a foreign jurisdiction, the forum-selection clause is unreasonable and against public policy absent a clear showing that the second party knowingly waived personal jurisdiction and assented to litigate in any forum."[13]

---

[9] Id.
[10] Id.
[11] Id. at ¶12.
[12] Id.
[13] Id. at ¶16.

{¶19}    Thus, the *Preferred Capital* court's holding that the clause was unreasonable was based upon the undisclosed Master Agreement.[14]   The *Preferred Capital* court focused on the fact that the party seeking to enforce the forum-selection clause knew that it intended to assign the lease, did in fact assign the lease, and intentionally chose to conceal this information from the other party.   Thus, the court held that the clause was invalid because of additional factors, such as one party possessing undisclosed information or being in a superior position.

{¶20}    Unlike the appellants in *Preferred Capital*, Celebration Suzuki has presented no evidence that Fifth Third Bank possessed or hid any "undisclosed information," held a superior position, or engaged in fraud.  Celebration Suzuki and Fifth Third Bank are sophisticated business entities, which entered into a typical arms-length commercial transaction.  The trial court held that the forum-selection clause in the Dealer Floor Plan Agreement was unreasonable because Celebration Suzuki did not know exactly where it might have to litigate under the contract.   Nonetheless, that is exactly the agreement the parties made.   Celebration Suzuki could have negotiated a different forum-selection clause, but it chose not to do so.

{¶21}    While enforcement of the forum-selection clause in the Dealer Floor Plan Agreement would arguably have been unreasonable had Fifth Third Bank brought suit in a forum where neither party had a nexus or relationship, Fifth Third Bank, an Ohio corporation, brought suit against Celebration Suzuki in Cincinnati, Ohio, Fifth Third Bank's principal place of business.  The Note and Amended Note expressly stated

---

[14] See *Nat'l City Commercial Capital Corp. v. All About Limousines Corp.*, 12th Dist. Nos. CA2005-08-226, et al., 2009-Ohio-1159,¶21; *Nat'l City Commercial Capital Corp. v. Gateway Pacific Contractors, Inc.* (S.D. Ohio 2007), Case No. 1:04cv669; *Nat'l City Commercial Capital Corp. v. Cotton*, 12th Dist. Nos. CA2005-08-247, CA2005-08-249, CA2005-08-353, 2009-Ohio-1160, ¶11-12; *Nat'l City Commercial Capital Corp. v. Page*, 12th Dist. No. CA2005-09-381, 2009-Ohio-1161,¶10; but see *Preferred Capital, Inc. v. Sarasota Kennel Club, Inc.* (C.A.6, 2007), 489 F.3d 303, 308  (stating that "[t]he Ohio Supreme Court found the [forum-selection] clause against public policy because of the possibility of fraud.").

that Fifth Third Bank was an Ohio corporation that maintained its principal place of business in Cincinnati, Ohio. Thus, Celebration Suzuki was on notice that the latter was certainly a foreseeable jurisdiction.

{¶22} Moreover, Celebration Suzuki has failed to provide any evidence that litigating in Ohio would be manifestly and gravely inconvenient or that it would be deprived of its day in court.[15] As a result, we hold that the trial court erred in finding that the forum-selection clause in the Dealer Floor Plan Agreement was unenforceable. Because Celebration Suzuki consented to personal jurisdiction in the Hamilton County Common Pleas Court, the trial court erred as a matter of law in dismissing Fifth Third Bank's complaint for lack of personal jurisdiction. As a result, we sustain Fifth Third Bank's first assignment of error.

### III. The Forum-Selection Clause in the Guaranty

{¶23} In its second assignment of error, Fifth Third Bank argues that the trial court erred by declining to exercise personal jurisdiction over Brunson and by entering an order granting his motion to dismiss.

{¶24} Fifth Third Bank argues that Brunson is bound by the forum-selection clause in the Guaranty which provided as follows: "[e]ach guarantor agrees that the state and federal courts in the county and state where the Bank's principal place of business is located or any other Court in which Bank initiates proceedings will have exclusive jurisdiction over all matters arising out of the Guaranty."

{¶25} The trial court held that Brunson had made no allegations of fraud or overreaching, and that enforcement of the clause would not be unreasonable because "Brunson could have anticipated being sued in Ohio, the bank's principal place of

---

[15] *Jaskot*, supra, at ¶18; *Information Leasing Corp. v. King*, 155 Ohio App.3d 201, 2003-Ohio-5672, 800 N.E.2d 73, ¶23-24.

business, since it was specifically named" in the forum-selection clause. But the court, nonetheless, refused to enforce the forum-selection clause in the Guaranty because Brunson was an individual and not a commercial entity. Fifth Third Bank contends that the trial court erred in invalidating the forum-selection clause on this basis. We agree.

{¶26} The Ohio Supreme Court has held that when determining whether a litigant is considered to be a commercial entity, courts should focus upon the nature of the transaction rather than the size or sophistication of the business entities involved in that transaction.[16] In this case, Brunson guaranteed a multi-million dollar loan financing a floor plan for a corporate automobile dealership. Any level of alleged "lack of sophistication" on the part of Brunson would not defeat the prima facie validity of the forum-selection clause.[17] Brunson's individual liability, pursuant to the Guaranty does not change that fact. Moreover, as Fifth Third Bank points out, the trial court held in two subsequent cases, involving virtually identical forum-selection clauses that "[b]ecause this is a commercial debt that was guaranteed, the guarantors, although individuals, can be bound by the forum-selection clause."[18]

{¶27} Because the commercial nature of the transaction in this case establishes Brunson as a commercial entity, we agree with Fifth Third Bank that the trial court erred in invalidating the forum-selection clause in the Guaranty on this basis. Furthermore, because the second and third prongs of the test are met—enforcement of the forum-selection clause in the Guaranty would not be unreasonable or unjust[19] and there has been no showing of fraud or overreaching—we hold that Brunson consented to personal jurisdiction in the Hamilton County Common Pleas Court. Consequently, the trial court

---

[16] See *Preferred Capital*, supra, at ¶8 citing *Information Leasing Corp. v. Jaskot*, supra, at ¶13.
[17] See *Jaskot*, supra, at ¶13-17.
[18] See *Fifth Third Bank v. Moncks Corner Marine, LLC,* (May 27, 2011), Hamilton C.C.P. No. 0905163.
[19] See *Nat'l City Commercial Capital Co., LLC. v. Caliber Homes, LLC.* (S.D. Ohio 2009), Case No. 1:08-CV-468.

erred as a matter of law in dismissing Fifth Third Bank's complaint against Brunson for lack of personal jurisdiction. We, therefore, sustain Fifth Third Bank's second assignment of error.

### VI. Conclusion

{¶28} In conclusion, having found Fifth Third Bank's first and second assignments of error meritorious, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this decision and the law.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please Note:

The court has recorded its own entry this date.