KENNECORP MORTGAGE BROKERS, INC., APPELLEE, *v.* COUNTRY
CLUB CONVALESCENT HOSPITAL, INC. ET AL., APPELLANTS.

[Cite as *Kennecorp Mtge. Brokers, Inc. v. Country Club
Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173.]

(No. 92–767—Submitted March 9, 1993—Decided May 5, 1993.)

174

*Patrick R. Millican,* for appellee.

*Manahan, Pietrykowski, Bamman & Delaney* and *H. William Bamman,* for appellants.

A. WILLIAM SWEENEY, J.   The determinative issue in this appeal is whether a forum selection clause contained in an arm's-length commercial transaction between two business entities is valid and enforceable, irrespective of the number of contacts involved with the forum state.   For the reasons that follow, we hold such clauses in the commercial contract context to be valid and enforceable and, therefore, affirm the decision of the court of appeals below.

Defendants-appellants contend that the forum selection clause in the instant contract violates due process based on a lack of minimum contacts between defendants and Ohio.   Defendants rely on the decision in *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528, 544–545, for the proposition that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts.   Defendants argue that this court should apply the test set forth in *Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co.* (1983), 6 Ohio St.3d 436, 6 OBR 480, 453 N.E.2d 683, which governs choice of law contract provisions, since at least one Ohio appellate court has held that "[f]orum selection clauses are enforceable under the same restrictions as choice of law clauses." *United Std. Mgt. Corp. v. Mahoning Valley Solar Resources, Inc.* (1984), 16 Ohio App.3d 476, 16 OBR 559, 476 N.E.2d 724, syllabus.

In our view, however, a minimum-contacts analysis as set forth in *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and its progeny, is not appropriate in determining the validity of forum selection clauses in commercial contracts. See *Mut. Fire, Marine & Inland Ins. Co. v. Barry* (E.D.Pa.1986), 646 F.Supp. 831.

In the cause *sub judice,* we are dealing with two apparently sophisticated commercial parties who have entered into a multi-million dollar financing arrangement. As the court noted in *Burger King, supra,* at 472, 105 S.Ct. at 2182, 85 L.Ed.2d at 540, fn. 14, the requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system. Moreover, in the light of present-day commercial realities, it has been stated that a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside. *The Bremen v. Zapata Off–Shore Co.* (1972), 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513, 523. The high court in *The Bremen* also opined that such forum selection clauses in the commercial contract context should be enforced, unless it is clearly shown that enforcement would be unreasonable and unjust, or that the clause was invalid as being a product of fraud or overreaching. *Id.*

Contrary to defendants' argument, we find *Schulke Radio, supra,* to be readily distinguishable from the instant cause, since *Schulke Radio* involved a conflict of law issue rather than the forum selection provision issue found herein. Unlike the court of appeals in *United Std., supra,* we believe that the essential nature of a forum selection clause demands a different type of analysis.

While research indicates that forum selection clauses have not been enforced in the past as being against public policy, see Annotation, Validity of Contractual Provision Limiting Place or Court in Which Action May Be Brought (1984), 31 A.L.R. 4th 404, we believe that the better and more modern view is that such clauses are *prima facie* valid in the commercial context, so long as the clause has been freely bargained for. *The Bremen, supra,* at 16, 92 S.Ct. at 1916–1917, 32 L.Ed.2d at 524.

Here, there has been no allegation of fraud or overreaching on the part of plaintiff by defendants. In fact, it appears that defendants themselves drafted the instant contract, wherein it is provided that Ohio would be the proper forum to resolve any contractual disputes that may arise. In addition, defendants essentially make no argument that the instant forum selection clause is unfair or unreasonable; rather, they maintain that in order to avoid violating due process, a minimum-contacts analysis is required. However, as

mentioned before, inasmuch as it has been held that due process is waivable in a variety of legal arrangements, *Burger King, supra,* at fn. 14, we reject defendants' argument and find that they must live up to their end of the bargain in which they consented to personal jurisdiction in the courts of Ohio.

Additionally, plaintiff-appellee raises a legitimate assertion that dismissal of the Ohio litigation by this court would not necessarily prevent the California courts from dismissing any suit brought on account of the instant contract, given the clear and unmistakable provision which selects Ohio as the proper forum to resolve any contractual disputes. See *Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles Cty.* (1976), 17 Cal.3d 491, 131 Cal.Rptr. 374, 551 P.2d 1206.

Based on the reasoning set forth in *The Bremen, supra,* and *Burger King, supra,* we believe it is clear that forum selection clauses in the commercial contract context should be upheld, so long as enforcement does not deprive litigants of their day in court. Therefore, we hold that absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., not participating.