[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellants, Vintage Travel Services, Inc., et al. (hereinafter, "Vintage"), appeal from a judgment of the Montgomery County Municipal Court dismissing appellants' breach of contract claim against appellees, White Heron Travel of Cincinnati, Inc.,et al. The trial court found a lack of proper forum in the State of Ohio, pursuant to Civ.R. 3(D). In so deciding, the trial court relied upon the provisions of a forum selection clause in the parties' contract that designated Dallas County, Texas as the proper forum for all disputes arising from the contract. On appeal, Vintage Travel contests the validity of the forum selection clause enforced by the trial court. Applying the standards adopted by the Ohio Supreme Court in Kennecorp Mtge.Brokers v. Country Club Convalescent (1993), 66 Ohio St.3d 173, we find that Vintage Travel did not clearly show that enforcement of the clause would be unreasonable or unjust. Consequently, we affirm the judgment of the trial court.
 I.
The facts of the case are not in dispute. Vintage Travel Services is an Ohio corporation located in Centerville, Ohio. White Heron Travel of Cincinnati is a Texas Corporation with its primary place of business in Florence, Kentucky and providing travel services within the greater Cincinnati area.
On February 1, 1996, the parties entered into a contract in which Vintage travel agreed to sell White Heron certain business assets. The contract contained the following clause relating to choice of law and forum selection:
 8.06. Governing Law; Venue. This Agreement shall be construed and enforced in accordance with the laws of the State of Texas. This Agreement shall be performable in Dallas County, Texas. The Sellers hereby agree that any action or proceeding, whether at law or in equity, brought for the enforcement, construction,, interpretation, or termination of this Agreement or for any breach hereof, shall be brought in the appropriate state or federal courts of Dallas County, Texas or the Dallas Division of the Northern District of Texas.
 The contract also contained a provision stating that each party had read the agreement, obtained advice of counsel, understood all of its terms, and entered the contract freely and with knowledge of its legal consequences.
On November 19, 1996, Vintage filed an action against White Heron in the Montgomery County Common Pleas Court alleging breach of contract. On December 23, 1996, White Heron filed a Motion to Transfer Venue asserting Dallas County Texas as the proper forum. On February 13, 1997, the trial court held a hearing on the motion. On February 25, 1997, the trial court entered a judgment sustaining the motion on the basis of the above-quoted forum selection clause.
Vintage timely appealed that decision on March 5, 1997. On July 8, 1997 this court entered a decision remanding the case to the trial court for procedures in compliance with Civ.R. 3(D), in particular the grant of a sixty day stay in which Vintage Travel could re-file its claims in Dallas County. The trial court entered the necessary order on December 23, 1997. We now consider the appeal from the final judgment of the trial court.
 II.
In its sole assignment of error, Vintage contends that
 The trial court committed prejudicial error by enforcing the forum selection clause in the Purchase Agreement.
 In Kennecorp Mtge. Brokers v. Country Club Convalescent (1993), 66 Ohio St.3d 173, 175, the Supreme Court of Ohio held that forum selection clauses, when freely bargained for in a commercial context, are prima facie valid. As Vintage recognizes in its appellate brief, Kennecorp
is controlling authority and requires us to find that the forum selection clause in this case is valid and enforceable unless it is, for some reason, exceptionable.
In the syllabus to the Kennecorp opinion, the Supreme Court held that:
 Absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust.
 Vintage concedes that there was no fraud or overreaching in the contractual negotiations. It does argue, however, that the clause was unreasonable and unjust.
 Vintage's first argument relies on the United States Supreme Court opinion in M/S Bremen v. Zapata Off-Shore Co. (1972), 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513. In Kennecorp, the Ohio Supreme Court approved the Bremen
opinion and relied heavily on the United States Supreme Court's analysis in determining that forum selection clauses would be enforced in Ohio courts. 66 Ohio St.3d at 175-76. The Bremen Court stated that "a contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which the suit is brought, whether declared by statute or judicial decision."
 Vintage argues that, because the present matter involved business assets located entirely in Ohio and two companies that operated primarily in Ohio, Ohio has a strong public-policy interest in providing a forum for the dispute. Vintage analogizes that interest to the doctrine of forum non conveniens.
We think that Vintage misconstrues the nature of the public-policy analysis in the Bremen opinion. The Bremen Court was concerned that, if forum selection clauses were enforced without exception, they might become a means of circumventing the laws that would naturally govern certain disputes. See407 U.S. at 17, 92 S.Ct. at 1917, 32 L.Ed.2d at 524. Thus, the Court reasoned that, if a forum had a strong interest in enforcing its own laws in a certain case, it might choose not to enforce the forum clause that selected a different jurisdiction. Id. See,e.g., Tri-County Distributing, Inc. v. Canandaigua Wine Co., Inc.
(June 11, 1992), Mahoning App. No. 92 C.A. 37, unreported, at 2 (holding that Ohio's interest in regulating the business of distributing alcoholic products, manifest in former R.C. 1333.82
et seq., prevented the enforcement of a forum selection clause), reversed on other grounds (1993), 68 Ohio St.3d 123, 129. TheBremen Court required, however, that a party seeking to remain in a forum against the terms of its own contractual obligation must make a strong showing that removal would violate that interest.
Vintage did not make such a showing. Because the contract at issue was governed by Texas law under a choice of law clause that Vintage has not contested, the public policy of Ohio would hardly be implicated even in an Ohio forum. Moreover, the argument that Ohio has a public policy interest in providing a forum to Ohio parties, even if they have bargained away their right to sue in their home forum, is a circular one that conflicts with the mandate of Kennecorp. If a forum non conveniens analysis determined the validity of choice-of-forum clauses, the clauses would be rendered worthless. All suits would then be litigated in the most convenient forum, according to that analysis, rather than in the one chosen by the parties.
Vintage also argues that the clause was unreasonable and unjust because of the attendant difficulties of litigating the case in Texas. Vintage contends, in this regard, that the Dallas County forum will be greatly inconvenient because the subject matter of the contract lies in Ohio, the witnesses and evidence are in Ohio, and both parties operate their businesses in Ohio. Considering a similar claim of inconvenience, however, the Bremen
Court held that it is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."402 U.S. at 17-18, 92 S.Ct. at 1917, 32 L.Ed.2d at 524. The Court reasoned that, when a party has freely negotiated a choice of forum and can be said to have contemplated the claimed inconvenience, such a claim of inconvenience should rarely render the forum clause unenforceable. Id. at 16, 92 S.Ct. at 1916, 32 L.Ed.2d at 523.
Vintage has not shown that a Texas forum will be so inconvenient as to deprive it of its day in court. Even if a balance of convenience between the parties favored an Ohio forum, that would not be sufficient to overcome the presumption in favor of the one named in the agreement. We have every confidence that, whatever the relative inconvenience to Vintage, a Texas court will provide the company an adequate forum in which to plead its breach of contract claims. Accordingly, we overrule appellant's only assignment of error.
The judgment of the trial court is affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Jack Harrison
Richard B. Reiling
James P. Moon
Hon. Barbara P. Gorman