OPINION
Plaintiff Clow Water Systems Company appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which dismissed its complaint against defendant Guiliani Associates, Inc., for lack of jurisdiction. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DISMISSING THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION. A COPY OF THE TRIAL COURT'S ORDER DISMISSING THE AMENDED COMPLAINT IS ATTACHED HERETO AS EXHIBIT 1 IN ACCORDANCE WITH APPELLATE DISTRICT LOCAL RULE 9.
The record indicates appellant brought this action against appellee for breach of contract to pay for certain goods supplied to appellee. In response, appellee filed a motion to dismiss for lack of personal jurisdiction, supporting this allegation with an affidavit which asserted appellee had never transacted any business in Ohio, either directly or through an agent, and there was no signed contract or agreement relating to jurisdiction in the State of Ohio. The affidavit admitted a contract between appellant and appellee to provide for certain materials. Thereafter, appellant filed an amended complaint, and attached to the complaint the bid, the purchase order, and the subsequent invoices. Appellee filed an amended answer, which contains admissions and denials, and a counterclaim against appellant for breach of the contract between the parties, alleging appellant's materials failed to meet appellee's specifications. The trial court found it had no jurisdiction because the appellee's affidavit alleging it had never transacted any business in Ohio was unrebutted. The trial court noted personal jurisdiction is a waiveable right, and in this case, the court found appellee had not waived the right. The court found the documents attached to the amended complaint were inadequate to establish jurisdiction. Appellant correctly asserts in order to rule on a motion to dismiss for lack of personal jurisdiction pursuant to Civ.R. 12 (B)(2), the trial court must determine whether the complaint alleges any cause of action cognizable in the forum, Avco Financial Services Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65, syllabus, paragraph 2. A trial court is not confined to the allegations of the complaint in reviewing a motion to dismiss for lack of personal jurisdiction, see Southgate Development Corporation v. Columbia Gas Transmission Corporation (1976),48 Ohio St.2d 211. Our standard of review requires us to address the issue as a question of law, so we must determine de novo whether the trial court has personal jurisdiction over defendant, see Plumbers Steamfitters Local Union 83 v. Union Local School District Board of Education (July 22, 1998), Belmont App. No. 97BA40, unreported. In response to a motion to dismiss for lack of jurisdiction, the plaintiff has the burden of making a prima facia showing of personal jurisdiction, Speck v. Mutual Service Life Insurance Company (1990), 65 Ohio App.3d 812. If the plaintiff does make a prima facia showing of personal jurisdiction, the trial court must construe the allegations in the pleadings in the plaintiff's favor, Micro Experts, Inc. v. Edison Technologies, Inc. (1997), 122 Ohio App.3d 394 at 399. Appellant sets forth three independent reasons why the trial court had personal jurisdiction over appellee. First, appellant urges the contract between the parties contained a valid and enforceable forum selection clause. Appellee's counterclaim against appellant acknowledges a contract between the parties. The counterclaim also alleges appellant shipped materials to appellee, indicating appellant performed under the contact. Appellant furnished the court with a copy of the terms and conditions of the contract. Paragraph fifteen of that document specifically states any action must be instituted and prosecuted in an Ohio court situated in, or in a Federal Court having jurisdiction over Coshocton County, Ohio. The contract specifically states both buyer and seller to the contract consent to the jurisdiction of those courts and to venue. In Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hospital, Inc. (1993), 66 Ohio St.3d 173, the Supreme Court held forum selection clauses prima facie valid in a commercial context, as long as the clause has been freely bargained for. Id. at 175, 610 N.E.2d at 988-989, citing The Bremen v. Zapata Off-shore Co. (1972), 407 U.S. 1, 16,92 S.Ct. 1907, 1916-1917, 32 L Ed. 2d 513, 524; see, also, Marvel Consultants, Inc. v. Gilbar Eng., Inc. (January 22, 1998), Cuyahoga App. No. 72666, unreported, 1998 WL 23807. Thus, in the absence of fraud or overreaching, a forum-selection clause contained in a commercial contract between business entities is valid and enforceable unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust. Id. at 176, 610 N.E.2d at 989-990. We find the trial court should have construed the forum selection clause in appellant's favor for purposes of ruling on the motion to dismiss. Appellant also urges Ohio's long-arm statute, R.C. 2307.382, and Civ.R. 4.3 confer jurisdiction over appellee because appellee transacted business within the State of Ohio. Appellant concedes appellee does not maintain a physical presence in Ohio, and did not travel to Ohio to conduct its business with appellant. Nevertheless, appellee negotiated a contract to purchase goods shipped from Ohio to another state. Appellant argues this is sufficient under Ohio's civil rules and long-arm statute to confer jurisdiction over a non-resident corporation, see Hammill Manufacturing Company v. Quality Rubber Products, Inc. (1992), 82 Ohio App.3d 369; Columbus Show Case Company v. CEE Contracting, Inc. (1992),75 Ohio App.3d 559. Thirdly, appellant argues contrary to the court's finding, appellee waived its right to assert the defense of lack of personal jurisdiction in filing an answer and a counter-claim against appellant in the Ohio action. Active litigation of the action constitutes a waiver of the defense of lack of personal jurisdiction, see McBride v. Coble Express, Inc. (1993), 92 Ohio App.3d 505. Although appellee timely raised the issue of personal jurisdiction, it then filed a answer and counterclaim, waiving the defense. We have reviewed the record, and we find appellant is correct on all points. Our de novo review of the documentation attached to the amended complaint demonstrates a contract between the parties, which contains a forum selection clause, and also demonstrates a transaction of business in Ohio sufficient to constitute submission to personal jurisdiction in an Ohio court, under the Civil Rules and the long-arm statute. Further, appellee submitted to the jurisdiction of the court when it availed itself of the court's process in filing its answer and counterclaim. We conclude the trial court erred in finding it lacked jurisdiction over this matter. The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur