DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a hearing, in which the trial court held that, pursuant to the parties' prior course of dealings, a choice of venue clause included in their written business contracts applied to their later oral contracts. Accordingly, the court granted appellee's motion to stay the case for sixty days and ordered appellant to recommence its action against appellee in the state of Massachusetts. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal appellant, Overhead, Inc., sets forth the following assignment of error:
 {¶ 3} "Assignment of Error No. 1: The trial court erred in its application of course of dealing."
 {¶ 4} The undisputed facts that are relevant to the issue raised on appeal are as follows. Appellee, Standen Contracting Co., Inc., is a commercial contractor that engages in sound remediation projects for private residences located near airports. Appellant, Overhead, Inc., is a supplier of wood doors used in such remediation projects. In June 1998, appellee submitted a purchase order for wood doors to appellant, through appellee's purchasing manager, Karen Martin, for Phase IV of a sound remediation project in Toledo, Ohio ("order no. 028-010").
 {¶ 5} Appellant's sales representative, Scott Dietsch, signed order no. 028-010 on appellant's behalf. The order was written on a pre-printed form. The front of the form contained the following acknowledgment clause:
 {¶ 6} "The supplier acknowledges the receipt of this order and hereby accepts the ter [sic] conditions herein attached, and or filed with our firm, for the benefit of providin [sic] certain materials only to Standen Contracting Co., Inc."
 {¶ 7} The back of the form contained nineteen additional pre-printed clauses under the general heading of "Purchase Order Terms and Conditions." The nineteenth clause stated:
 {¶ 8} "Governing law. Venue. This agreement shall be deemed to have been made in, and shall be construed pursuant to the laws of the Commonwealth of Massachusetts. All actions under or relating to this Order must be brought in the state or federal courts of the Commonwealth of Massachusetts."
 {¶ 9} In July 1998, Martin and Dietsch executed a change order, in which appellee ordered additional doors from appellant for the Toledo Phase IV project. The change order for 028-010 did not have the above-mentioned pre-printed terms and conditions on the back, but it did contain the acknowledgment clause.
 {¶ 10} On October 1998, Martin sent Dietsch another purchase order, ("order no. 033-003"), and a subsequent change order, for doors to be used in Phase V of the Toledo project. Both purchase order no. 033-003 and the subsequent change order contained the acknowledgment clause and the pre-printed terms and conditions. Dietsch signed both the purchase order and the change order on appellant's behalf.
 {¶ 11} In December 1998, appellee's project manager, John F. Travassos, faxed Dietsch an order for wood doors to be used in a project in Milwaukee, Wisconsin ("order no. 031-002"). Only the front page of order no. 031-002 was faxed to Dietsch, who signed the order and faxed it back to Travassos. Order no. 031-002 contained the acknowledgment clause, but not the pre-printed terms and conditions.
 {¶ 12} In September 1999, Travassos and Dietsch entered into an oral agreement for appellant to supply appellee with doors for a project in Cleveland, Ohio ("B-99 project"). Although Dietsch gave Travassos a list of supplies to be included in the order, no written purchase order was executed for the Cleveland B-99 project. In November 1999, Travassos and Dietsch entered into another oral agreement for appellant to supply doors to appellee for a second Cleveland project ("E-99 project"). No written purchase order was executed for the Cleveland E-99 project.
 {¶ 13} On January 26, 2001, appellant filed a complaint against appellee in which it sought payment in the amount of $38,768.94, plus interest, on appellee's unpaid account. The complaint was filed in common pleas court in Lucas County, Ohio. On March 29, 2001, appellee filed a motion to stay the action pursuant to Civ.R. 12(B)(3) and 3(D) or, in the alternative, dismiss the case for improper venue. Attached to the motion was a memorandum in support thereof, in which appellee argued that, pursuant to the choice of venue clause, suit could only be brought in the Commonwealth of Massachusetts. Also attached to the motion were the affidavits of Karen Martin and John Travassos and copies of purchase orders 028-010, 033-003, 031-002 and the change order for 028-010.
 {¶ 14} Martin stated in her affidavit that she and Scott Dietsch executed purchase orders 028-010, 033-003 and the two change orders. Martin further stated that, to the best of her knowledge, Dietsch did not send her any documents or other writings containing terms contradicting the language on the written purchase orders.
 {¶ 15} Travassos stated in his affidavit that he faxed Dietsch a copy of the front side of order no. 031-002, and that Dietsch signed the order and faxed it back to him the same day. Travassos further stated that when he made the oral agreements with Dietsch to purchase doors for the Cleveland B-99 and E-99 projects, it was his understanding that the orders were made under the same terms and conditions as the previous purchase orders signed by the parties. Finally, Travassos stated that Dietsch did not provide him with any documents to contradict Travassos' understanding that appellee's standard terms and conditions applied to the oral purchase orders.
 {¶ 16} On July 12, 2001, a hearing was held on appellee's motion, at which testimony was presented by John Travassos and Scott Dietsch. Travassos testified at the hearing that the purchase orders used for all of appellee's suppliers typically describe the project on the face of the order and contain printed terms and conditions of performance on the reverse side. He further testified that appellee had four suppliers in addition to appellant on the Milwaukee project, and that all the suppliers were engaged pursuant to the same standard terms and conditions.
 {¶ 17} Travassos stated that his first contact with Dietsch was in connection with the Milwaukee project, and that he faxed order no. 031-002 to Dietsch. He further stated that the orders for the Cleveland B-99 and E-99 projects were oral; however, he told Dietsch "let's just continue doing business as we always have" when each order was placed.
 {¶ 18} Dietsch testified at the hearing that, as appellant's sales representative, he took orders and sent appellee a "matrix" for each project, which included detailed shop drawings, the number of doors ordered and a price quote. Dietsch further testified that, although he and Karen Martin executed written purchase orders, they never discussed terms other than price, quantity and delivery time. He stated that he never discussed the issue of venue with Travassos, he was not aware of the pre-printed terms and conditions on the backs of purchase orders 028-010, 033-003 and the change order for 033-003, and he did not remember Travassos specifically stating that the oral contracts were to be on the same terms and conditions as previous orders.
 {¶ 19} On August 24, 2001, the trial court filed a judgment entry in which it found that the choice of venue clause applied to purchase orders 028-010, 033-003 and the change order for 033-003. The court also found that the clause applied to the written change order for 028-010 and faxed order 031-002, by virtue of the acknowledgment clause that referred to "terms and conditions" on file with appellee. Finally, the court found that the parties' conduct had established a "course of dealing" which allowed the trier of fact to "reasonably infer" that appellant assented to the choice of venue clause "for not only the written purchase orders, but also the oral purchase agreements." Accordingly, the trial court stayed the action for sixty days pursuant to Civ.R. 3(D), to allow appellant time to refile its complaint in the state of Massachusetts. A timely notice of appeal was filed.
 {¶ 20} Appellant asserts in his sole assignment of error that "[t]he Trial Court mistakenly used `course of dealing' to add a venue term to an oral agreement, which had never been discussed or specifically agreed to by the parties."
 {¶ 21} The enforceability of the choice of venue clause is not directly at issue in this case. Accordingly, the clause is enforceable, so long as it applies to the contracts executed by appellant and appellee. See Kennecorp Mtge. Brokers v. Country Club Convalescent Hosp. (1993), 66 Ohio St.3d 173, at the syllabus (Absent evidence of fraud or overreaching, a forum selection clause in a commercial contract is enforceable "unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." Id.). However, appellant argues that the choice of venue clause does not apply because Dietsch was not aware of the terms and conditions on the reverse side of appellee's purchase orders, therefore, there was "no common basis of understanding" upon which the trial court could infer the existence of a prior course of dealing.
 {¶ 22} As to whether the choice of venue clause applies to the written purchase orders, it is well-settled that "`[a] contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission.'" McAdams v. McAdams
(1909), 80 Ohio St. 232, 241, quoting Upton v. Tribilcock (1875),91 U.S. 45, 50. Accordingly, the clause applies to written purchase orders 028-010, 033-003 and the change order for 033-003, regardless of whether or not Dietsch read the purchase orders before signing them. In addition, the choice of venue clause is incorporated in the change order to 028-010 and faxed order 031-002, because: 1) the orders were printed on the front of the same form as orders 028-010, 033-003 and the change order to 033-003; and 2) they contained an acknowledgment clause that referred to the "term[s] and conditions herein attached or file[d] with [appellee] * * *."
 {¶ 23} The remaining issue to be decided is whether the inclusion of a choice of venue clause in a series of written purchase orders executed by the parties constitutes a "course of dealing" that may be used to supplement their later oral agreements.
 {¶ 24} R.C. 1301.11 defines a "course of dealing" as "a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." Id. Comment b of the Restatement (Second) of Contracts § 223, further provides that once a course of dealing is established, it "may become part of an agreement either by explicit provision or by tacit recognition, or it may guide the court in supplying an omitted term." Id.
 {¶ 25} Controlling legal authority is sparse as to whether a course of dealing may be used to supplement an oral contract with additional terms. However, at least one Ohio court has determined that a disclaimer clause included in a series of written contracts between two parties may, under the appropriate circumstances, constitute a prior course of dealing that supplements their later oral agreements. SeeAetna Life and Cas. Co. v. The Balancing Co., Inc. (Jan. 15, 1988), Montgomery App. No. 10275. See also Pervel Indus., Inc. v. TMWallcovering, Inc., (C.A.2, 1989), 871 F.2d 7 (Contracting parties are bound by an arbitration provision contained in purchase order confirmation documents because they made numerous commercial transactions over time utilizing the documents without objection.)
 {¶ 26} In this case Dietsch, acting on appellant's behalf, executed written purchase orders that either expressly contained the venue selection clause or acknowledged appellee's purchase order terms and conditions. Testimony was presented at the hearing that Dietsch did not contradict or question appellee's written terms and conditions, and that he accepted appellee's oral purchase orders for wood doors on the same terms and conditions as the prior written purchase orders.
 {¶ 27} Upon consideration of the entire record of proceedings in this case and the law, this court finds that the inclusion of the choice of venue clause as part of the terms and conditions of the parties' written purchase orders established a prior course of dealing between them, through which the choice of venue clause became part of the parties' oral purchase agreements. Accordingly, the trial court did not err by finding that the choice of venue clause applied and thereafter staying the proceedings for sixty days to allow appellant to bring suit "in the state or federal courts of the Commonwealth of Massachusetts." Appellant's sole assignment of error is not well-taken.
 {¶ 28} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.