{¶ 71} I concur with the reasoning of the majority on the first assignment of error. However, I disagree with their reasoning on the second assignment of error.
 {¶ 72} The contract at issue gives Cuyahoga County sole jurisdiction over disputes arising over that agreement.
 {¶ 73} The party's ability to determine by contract the applicable law and venue is inherent to their authority to enter into contracts as provided by the Ohio Revised Code and the Uniform Commercial Code. See R.C. Chapter 1302; U.C.C. Section Two. *Page 19 
 {¶ 74} The second tier of the analysis under the decision inKennecorp Mtg. Brokers v. Country Club Convalescent Hosp., Inc. (1993),66 Ohio St.3d 173, would include a finding, and evidence supporting that finding would require that the enforcement of the clause would be unreasonable or unjust.
 {¶ 75} Convenience of the parties as well as judicial economy do not rise to the standard of injustice or unreasonableness when one of the parties requests the venue clause be enforced.
 {¶ 76} The court, in this instance, disregarded the contract language in exchange for judicial economy. We review that decision with an abuse of discretion standard pursuant to the majority in Kennecorp. There is no question that the forum selection clause in this case is valid and enforceable.
 {¶ 77} Accordingly, I concur as to the first assignment of error and dissent with respect to the second assignment of error. *Page 1