NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0041n.06
Filed: January 20, 2009

No. 07-3008

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THE CADLE COMPANY, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| REINER, REINER & BENDETT, P.C., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

_____

BEFORE: MARTIN, GRIFFIN, and GIBSON, Circuit Judges.[*]

GRIFFIN, Circuit Judge.

This case arises from a dispute over plaintiff-appellant The Cadle Company's ("Cadle") alleged failure to pay legal fees to defendant-appellee Reiner, Reiner & Bendett ("Reiner"), a Connecticut law firm retained by Cadle to represent it in legal proceedings in Connecticut. Reiner brought suit in the Connecticut state courts and obtained two default judgments against Cadle. After Cadle unsuccessfully sought to reopen the Connecticut actions, it filed the present lawsuit in Ohio state court, claiming that Reiner's collection actions in Connecticut were in breach of a forum selection clause agreed upon by the parties. The clause required that disputes over amounts charged or services rendered be resolved in the Ohio courts. Reiner removed the Ohio action to federal court

_____

[*]The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

on the basis of diversity jurisdiction and contemporaneously filed a motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6). Cadle thereafter filed a motion to remand the case to state

court. The district court denied the remand motion and granted Reiner's motion to dismiss, holding

that Cadle's claims were barred by res judicata.

Cadle timely appeals the district court's orders denying its motion to remand and dismissing

the case.

I.

In 1995, Cadle, an Ohio corporation, retained Reiner, a Connecticut law firm, to represent

it in legal proceedings in Connecticut. The parties agreed to certain "Terms of Representation"

drafted by Cadle, which included the following forum selection clause:

> All disputes as to any amounts charged or services rendered, or as to these Terms of
> Representation shall be resolved in the Newton Falls, Ohio Municipal Court or the
> Trumbull County, Ohio Common Pleas Court, depending on the amount in
> controversy, and shall be resolved pursuant to the laws of the State of Ohio.

At the conclusion of the legal proceedings, Reiner alleged that Cadle failed to pay its legal

fees and filed suit in the Superior Court of Connecticut to collect the unpaid fees. Cadle failed to

appear, and the court entered a default judgment in the amount of $40,757.67 on July 16, 2001.

Reiner procured a judgment lien against Cadle's real property in Connecticut and filed a second

action to foreclose on the lien. Cadle again failed to appear, and the court entered a judgment by

default on March 8, 2004.

Cadle moved unsuccessfully in the Superior Court to reopen and vacate the default judgments

in both the collection and foreclosure actions. In a subsequent joint appeal filed by Cadle, the

- 2 -

Supreme Court of Connecticut affirmed the Superior Court's order denying Cadle's motions to reopen both default judgments against Cadle. *See Reiner, Reiner & Bendett, P.C. v. The Cadle Co.*, 897 A.2d 58 (Conn. 2006).

On June 20, 2006, Cadle filed a complaint in the Court of Common Pleas in Trumbull County, Ohio, averring that Reiner breached the forum selection clause of the Terms of Representation when it pursued its collection action in the Connecticut courts, rather than in the Ohio courts. Cadle sought damages in excess of $100,000.00 to recoup the approximate sum of $75,000.00 it expended in its attempt to vacate the two Connecticut default judgments and the $40,757.67 judgment awarded to Reiner in the collection action.

Reiner removed the action to the United States District Court for the Northern District of Ohio on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Reiner also filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Cadle, in turn, filed a motion to remand the case to the state court, arguing that the forum selection clause constituted a waiver of Reiner's right to remove the action.

The district court denied Cadle's motion to remand, holding that the forum selection clause did not preclude removal because the clause did not explicitly waive the right to remove. The district court then dismissed Cadle's lawsuit as res judicata. *See Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, No. 4:06 CV 1873, 2006 WL 3692913 (N.D. Ohio Dec. 13, 2006). Cadle now timely appeals both the district court's order denying its motion to remand and the judgment dismissing the case with prejudice.

II.

Cadle first contends that the district court erred in denying its motion to remand. Cadle asserts that the forum selection clause agreed upon by the parties unambiguously establishes the Newton Falls, Ohio, Municipal Court and the Trumbull County, Ohio, Common Pleas Court as the exclusive venues for the fee dispute and, therefore, constitutes a waiver of the right to remove.

An order denying a motion to remand is typically not a final order subject to immediate appeal; however, when, as in the present case, the order is coupled with an appeal of a final judgment dismissing the case, we have jurisdiction to review the district court's order denying remand. *Fakouri v. Pizza Hut of Am., Inc.*, 824 F.2d 470, 472 (6th Cir. 1987). We review the order de novo and examine whether the action was properly removed to federal court in the first place. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007). The enforceability of a forum selection clause is likewise a question of law subject to de novo review. *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).

The use of a forum selection clause is one manner by which parties to a contract may agree in advance to submit to the jurisdiction of a particular court. *Id*. Under federal and Ohio law, a forum selection clause originating from an arms-length commercial transaction is valid and enforceable absent fraud, overreaching, or circumstances under which enforcement would be unreasonable or unjust. *Id*.; *Kennecorp Mortg. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 610 N.E.2d 987, 989 (Ohio 1993).

The primary question posed by Cadle is whether Reiner waived its statutory right of removal under 28 U.S.C. § 1441 pursuant to the forum selection clause of the Terms of Representation to which the parties agreed. The removal statute provides, in part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

The statutory right of removal of a case from state to federal court under § 1441 is a right that can be waived, but such waiver must be "clear and unequivocal." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citations omitted). General principles of contract interpretation apply when determining whether a clause explicitly waives the right of removal. *In re Delta America Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990). Consequently, the language being interpreted should be given its ordinary meaning, the intent of the parties is relevant, and ambiguities are to be resolved against the drafter. *Id.*

In *Regis*, we held that a forum selection clause entered into between a Michigan corporation and a British corporation did not constitute an effective waiver of the defendant's right to remove the case to federal court. The clause provided, "The interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan courts." *Regis*, 894 F.2d at 194. In rejecting the district court's conclusion that the defendant had a duty to explicitly set forth its right to remove or else face a waiver of that right, we emphasized that "[a] defendant is entitled to have the suit removed to a

proper federal court as a matter of right" and that "the right to removal is absolute" if the conditions

prescribed by § 1441 are met. *Id*. at 195 (citation omitted). We explained:

> Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal. The only evidence that [the defendant] waived the right of removal here is that it did not explicitly set forth the right of removal in the forum selection clause. We find this to be of no evidentiary significance under the facts of this case. The right of removal is statutory and, generally, *it is the waiver of a statutory right that must be set forth*, not the intent to rely on the statute . . . . We find nothing in the language [of the forum selection clause] ultimately chosen that suggests any intent on the part of anyone to waive the right of removal from state to federal court.

*Id*. (citations and footnote omitted, emphasis added). *See also In re Delta,* 900 F.2d at 892 ("We

acknowledged in *Regis* that the right to remove could be waived, but aligned ourselves four-square

with those courts which have insisted that the waiver be clear and unequivocal[.]").

Cadle "concedes that the presence of the word 'shall' alone in a forum selection clause does

not necessarily implicate waiver of the right of removal," but contends that its use in the present

circumstances, combined with specification of the two Ohio courts, indicates that the parties clearly

intended to limit venue exclusively to those state courts. In this regard, Cadle contends that the

clause is similar to a forum selection clause held to be enforceable by this court in *Gen. Elec. Co.

v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095 (6th Cir. 1994). There, we summarily concluded that

"[b]ecause the clause states that 'all' disputes 'shall' be at [the defendant German supplier's]

principal place of business, it selects German court jurisdiction exclusively and is mandatory." *Id.*

at 1099 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2, 15 (1972)).

However, in *General Electric*, we did not address whether such mandatory language would constitute a waiver of the statutory right of removal under § 1441; rather, we focused our attention on whether enforcement of the forum selection clause in the supply contract between the parties would be unreasonable. Given that the plaintiff was a sophisticated company familiar with complex international business transactions, that the parties negotiated, signed, and performed the contract in Germany, and that many witnesses resided in Germany, we concluded that enforcement of the clause was reasonable and dismissed the action. *Gen. Elec. Co.*, 29 F.3d at 1099.

Consequently, we do not find *General Electric* to be instructive on the central issue of waiver raised by Cadle in the present case.[1] More to the point is our recent decision in *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340 (6th Cir. 2008), in which we expressed our continued adherence to the "clear and unequivocal" standard of *Regis* in rejecting the plaintiff's argument that a forum selection clause waived the right of the defendants to remove the case to federal court under § 1441. The forum selection clause provided:

> The Contractor [the plaintiff] agrees to submit to the exclusive personal jurisdiction of, and not commence any action in other than, a competent State court in Michigan, regardless of residence or domicile, for any action or suit in law or equity arising out of or under the Contract Documents.

*EBI-Detroit, Inc.*, 279 F. App'x at 346.

---

[1] Moreover, as further discussed, *infra*, in conjunction with Cadle's challenge to the district court's dismissal of this action, enforcement of the forum selection clause here, unlike the circumstances in *General Electric*, would be unreasonable and is precluded by res judicata. Reiner argues, and we agree, that "Cadle cannot avail itself of a forum selection clause in an attempt to disguise its collateral attack on prior Connecticut judgments by characterizing [its] claims as a breach of contract action."

We found no effective waiver of the right of removal, stating:

> The clause is irrelevant because it says nothing about the defendants' right to remove. Indeed, it does not mention any of the defendants at all. Our circuit has held that any waiver of the right to remove must be "clear and unequivocal." *Regis Assocs. v. Rank Hotels Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). A clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal.

*Id*. at 346-47 (footnote omitted). *See also Titan Finishes Corp. v. Spectrum Sales Group*, 452 F. Supp. 2d 692, 694-95 (E.D. Mich. 2006) (applying the "clear and unequivocal" standard of *Regis* and holding that a forum selection clause, which provided that the "State of Michigan . . . has jurisdiction" and "venue shall be proper in the Wayne County [Michigan] Circuit Court," did not waive the right to remove because the clause "simply allows the parties to bring this action in the Wayne County Circuit Court" and "does not provide that venue would not also be proper in a federal district court in Michigan.").

Likewise, the forum selection clause at issue here neither mentions removal nor sets forth an explicit waiver of that right by Reiner. Pursuant to *Regis*, we cannot reasonably interpret the clause as a clear and unequivocal waiver of Reiner's right to remove the case to federal court under § 1441. We therefore conclude that the district court properly denied Cadle's motion to remand the case to state court.

III.

Cadle next contends that the district court erred in granting Reiner's motion to dismiss pursuant to Rule 12(b)(6). The district court dismissed the case because it determined that Cadle's

cause of action was an improper collateral attack on the Connecticut court judgments. Although Cadle concedes that its claim arises from the same transaction or occurrence as Reiner's claim for fees in the collection action, it nonetheless argues that res judicata principles do not bar it from asserting its breach of contract claim. Specifically, Cadle asserts that a judgment rendered in its favor would not undermine the Connecticut default judgments or impair any rights established under those judgments.

We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005). In doing so, we construe the complaint in the light most favorable to Cadle, accept its allegations as true, and draw all reasonable inferences in its favor. *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005).

"Res judicata may bar any claims over which the federal courts have jurisdiction, including both claims of injuries caused by state-court judgments and general challenges to state statutes." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). Thus, we "must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Id*. (citing 28 U.S.C. § 1738).

Res judicata consists of four elements, all of which must be present in order to bar a previously litigated claim: (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) the subsequent action raises issues actually litigated or which should have been litigated in the first

action; and (4) an identity of the causes of action. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (citation omitted). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Id*. (internal citation and quotation marks omitted). We review de novo a district court's application of res judicata law. *Bates v. Twp. of Van Buren*, 459 F.3d 731, 734 (6th Cir. 2006).

Here, three out of the four elements are readily ascertainable. The Connecticut courts rendered a final decision on the merits of Reiner's collection and foreclosure actions arising from Cadle's alleged breach of the Retainer Agreement. Further, there is no dispute that the parties in this action are the same parties involved in the state court proceedings, thus satisfying the second res judicata element. Cadle also concedes that its breach of contract claim arises from the same transaction or occurrence as Reiner's state-court collection and foreclosure actions, thus supplying the requisite "identity of claims." It is the third element – whether Cadle's current breach of contract suit raises a claim that was not actually litigated in the first action, but could and should have been – that is the bone of contention in this appeal. In this regard, Cadle submits that the district court erred as a matter of law in determining that Cadle is precluded from now asserting its breach of contract claim because it failed to do so in the prior Connecticut actions.

Cadle contends that because Connecticut is a permissive counterclaim jurisdiction,[2] "the fact that a defendant in a prior action did not assert a related cause of action in that prior case does not

---

[2]*See Moye v. Credit Acceptance Corp.*, No. X01CV990157073, 2001 WL 589101 (Conn. Super. Ct. May 15, 2001).

foreclose the defendant from asserting those claims in the future." *Pinto v. Phoenix Prods*., No. CV960142005, 1998 WL 227665, at *1 (Conn. Super. Ct. May 1, 1998) (unpublished) (internal citation and quotation marks omitted). However, as the district court correctly pointed out, the Connecticut courts have recognized an exception to this general rule which provides that "[a] party will be precluded from maintaining an action on a claim which could have been interposed as a counterclaim but was not if 'the relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.'" *City of Bridgeport v. C.R. Klewin Northeast, LLC*, No. X06CV044000308S, 2005 WL 834349, at *3 (Conn. Super. Ct. March 3, 2005) (unpublished) (quoting 1 Restatement (Second), Judgments § 22(2) (1982)). *See also DeMilo & Co. v. Comm'r of Motor Vehicles*, 659 A.2d 162, 168 (Conn. 1995) (citing § 22(2) of the Restatement on Judgments in holding that the plaintiff was precluded from raising special defenses as affirmative claims in an administrative appeal, where the defenses could have been raised in the initial enforcement action and would have the effect of nullifying the initial judgment if successfully prosecuted on appeal). Based upon this exception, the district court held that Cadle should have filed a counterclaim in the Connecticut court collection action. We agree.

Cadle's argument that the prosecution of its breach of contract claim would not nullify the prior default judgments entered in Connecticut is implausible, because the alleged breach is the very collection action filed by Reiner in the Connecticut courts that was eventually adjudicated on the merits by those courts. In essence, Cadle seeks to undo the exact amount of the Connecticut

judgments under the thinly veiled guise of a breach of contract action filed in a different forum. As

the district court explained in its well-reasoned opinion:

> In this case, Cadle made the fatal mistake of choosing, despite having been served, *not* to appear to defend itself in the Connecticut action, apparently acting on principle based on the forum selection clause in the contract. As a result, Cadle suffered a default judgment which it was subsequently unable to overturn, despite considerable efforts. Under that default judgment, Cadle was to pay Reiner $40,757.67. In the instant case, Cadle seeks to recover that entire amount plus its fees and costs expended in the Connecticut proceedings. If Cadle were permitted to proceed in this Court and prevailed, judgment "would nullify the initial judgment or would impair rights established in the initial action[.]"
>
> * * *
>
> This Court finds no merit in Cadle's argument that it need not have brought a counterclaim in Connecticut and is, therefore, free to bring it now in this Court.
>
> Cadle also tries to argue that the prior proceedings in Connecticut somehow dealt with a different subject matter. It asserts that its breach of contract claim "is wholly separate and distinct from the Connecticut courts' ruling that the Forum Selection Clause did not divest the courts of Connecticut of personal jurisdiction over Cadle. (Doc. No. 17, at 5). This argument ignores the obvious: after the Connecticut court determined that there was personal jurisdiction over Cadle, it proceeded to enter a judgment, albeit a default judgment, on the *merits* of Reiner's claim. Under the full faith and credit clause, this Court must give effect to the Connecticut courts' ruling. Because the Connecticut courts ruled that the contractual forum selection clause did not divest those courts of jurisdiction over Cadle, all the more reason that Cadle should have appeared and defended itself. It chose not to and suffered a default judgment. This Court does not now sit to review the actions of the Connecticut courts.

*Reiner, Reiner and Bendett, P.C.*, 2006 WL 3692913, at *2-3 (JA 325-26, footnote omitted).[3]

---

[3]As the district court noted, the issue of jurisdiction was fully litigated in the Connecticut courts. Cadle first raised the issue in its motion to reopen and vacate the default judgments. The Connecticut Supreme Court later addressed and expressly "reject[ed] [Cadle's] argument that the forum selection clause in the retainer agreement divested the trial court of its personal jurisdiction

Accordingly, because the requisite elements of res judicata have been established and because Cadle had a full and fair opportunity to litigate the current breach of contract claim in the Connecticut courts, we conclude that the district court did not err in granting Reiner's motion to dismiss. The district court properly recognized its obligation under the circumstances to "afford full faith and credit to the decisions of the Connecticut courts which, because of Cadle's own inaction, are res judicata with respect to Cadle and the issues raised in the current lawsuit." *Reiner, Reiner & Bendett, P.C.*, 2006 WL 3692913, at *3. *See* U.S. Const. art. IV § 1; 28 U.S.C. § 1738; *Bates*, 459 F.3d at 734 (holding that the Full Faith and Credit statute "requires federal courts . . . to give state court judgments the same preclusive effect those judgments would have in the rendering state's courts."); *Hook v. Hook*, 771 F.2d 935, 949 (6th Cir. 1985) (holding that "full faith and credit extends to state court determinations of subject matter jurisdiction over a controversy, as well as the merits of the controversy itself.").

## IV.

For the reasons stated, we affirm the judgment of the district court.

---

over [Cadle] in the collection action." *Reiner, Reiner & Bendett, P.C.*, 897 A.2d at 65 (footnote omitted). In response to Cadle's argument that the trial court was unaware of its obligation to consider the enforceability of the forum selection clause, the Supreme Court further opined that if Cadle chose purposely not to appear in the Connecticut courts on the basis of the forum selection clause, it alone bore responsibility for its waiver of the right: "[I]f [Cadle] wished to receive the benefit of the forum selection clause, it was obligated to seek enforcement of the clause in a timely manner. It is well established that a party that fails to seek enforcement of a contract clause may lose the benefit of that contractual provision." *Id.* at 65 n.10.