[Cite as *Klarfeld v. Vestige Group, L.L.C.*, 2025-Ohio-2678.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ARI B. KLARFELD, ET AL., :

    Plaintiffs-Appellants, :

                  No. 114486

    v. :

THE VESTIGE GROUP LLC, :

    Defendant-Appellee. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-993033

---

### *Appearances:*

Dworken & Bernstein Co., L.P.A., and Erik L. Walter, *for appellants*.

Davis & Young, Thomas W. Wright, and Matthew P. Baringer, *for appellee*.

LISA B. FORBES, J.:

{¶ 1} Ari B. Klarfeld ("Klarfeld") and New Direction Driving School, LLC ("New Direction") (collectively, "Appellants") appeal the judgment granting The Vestige Group, LLC's ("Vestige") motion to dismiss. For the following reasons, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} New Direction is a driving school in Ohio that Klarfeld owns and operates. Vestige is a limited-liability company that operates in North Carolina, providing camera and GPS services. This appeal concerns whether New Direction and Klarfeld can sue Vestige in the Cuyahoga County Court of Common Pleas for damaging its cars.

{¶ 3} On February 19, 2024, Appellants filed a complaint, alleging breach of contract, unjust enrichment, negligence, tortious interference with business expectancies, and tortious interference with business contracts.

{¶ 4} Appellants alleged that New Direction and Vestige contracted for Vestige to install cameras in New Direction's cars for a monthly fee. Per Appellants, "all of the cameras were installed incorrectly and . . . caused severe damage to every car they were installed in," leaving them inoperable. New Direction replaced the damaged cars with new cars, in which Vestige again tried to install cameras. The complaint states that this installation was done incorrectly, too, damaging the new cars. Appellants allege that an unspecified number of the damaged cars were Klarfeld's "personal vehicles," although New Direction used them to train student drivers.

{¶ 5} Attached to the complaint were contracts titled "GPS Vendor Services Agreement" that New Direction and Vestige signed in 2021, 2022, and twice in 2023 ("the Service Agreements"). The Service Agreements each include a forum-selection clause, which states that "[t]his agreement will be governed by, enforced in and

interpreted according to the laws of the state of South Dakota. You consent to exclusive jurisdiction in the state or Federal courts of North Carolina."

{¶ 6} On April 19, 2024, Vestige moved to dismiss the complaint for lack of subject-matter jurisdiction under Civ.R. 12(B)(1), lack of personal jurisdiction under Civ.R. 12(B)(2), improper venue under Civ.R. 12(B)(3), and failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6). Appellants filed a brief in opposition to the motion to dismiss on June 7, 2024.

{¶ 7} On September 24, 2024, the court issued a journal entry granting the motion to dismiss, enforcing the forum-selection clause in the Service Agreements. Klarfeld and New Direction appealed, raising the following assignment of error: "The Trial Court's decision to grant Appellee's Motion to Dismiss was in error."

## II. Law and Analysis

{¶ 8} Appellants assert that the trial court improperly dismissed their claims because the forum-selection clause requiring them to sue Vestige in North Carolina was unenforceable. We disagree.

{¶ 9} We review de novo the enforceability of a forum-selection clause. *Original Pizza Pan v. CWC Sports Group, Inc.*, 2011-Ohio-1684, ¶ 10 (8th Dist.). "In a de novo review, we afford no deference to the trial court's decision and independently review the record to determine whether the trial court's judgment is appropriate." *Choice Hotels Internatl., Inc. v. C&O Developers, L.L.C.*, 2022-Ohio-3234, ¶ 20 (8th Dist.).

{¶ 10} "The party challenging the forum selection clause bears a heavy burden of establishing that it should not be enforced." *Original Pizza Pan* at ¶ 10. The party challenging the clause may "present evidentiary materials supporting the invalidity of the clause." *Id.* at ¶ 16, citing *Discount Bridal Servs. v. Kovacs*, 127 Ohio App.3d 373, 376-377 (8th Dist. 1998).

{¶ 11} "'[A] forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside.'" *Pizza Pan* at ¶ 12, quoting *Kennecorp Mtge. Brokers v. Country Club Convalescent Hosp.*, 66 Ohio St.3d 173, 175 (1993). Courts set aside forum-selection clauses in a commercial contract if there is "evidence of fraud and overreaching" or if it can be clearly shown that enforcement of the clause would be "unreasonable and unjust." *Id.*, citing *id.*

{¶ 12} Reviewing the record de novo, we find the trial court properly dismissed this action for violating the forum-selection clause in the Service Agreements.

**A. Commercial Contracts**

{¶ 13} We first find that the forum-selection clause was part of a commercial contract between business entities, which are ordinarily valid and enforceable. The identifying information in the Service Agreements demonstrates that they are commercial in nature. Each Service Agreement lists "New Direction Driving School, LLC" under "Company Information." In addition, Klarfeld signed each contract as "Owner."

{¶ 14} The way Appellants used and financed the damaged vehicles also demonstrates that the Service Agreements are commercial contracts. Though Klarfeld allegedly used some of the damaged cars as his "personal vehicles," the complaint states that "[a]ll vehicles are driver-education vehicles . . . ." The complaint also alleges that Appellants "paid off all of the vehicles that had the original installations done in them with proceeds from an SBA [Small Business Administration] loan . . . ."

{¶ 15} For the above reasons, we find the forum-selection clauses were part of commercial contracts between business entities, which — with limited exceptions — are valid and enforceable. As we find below, these exceptions do not apply.

## B. Fraud or Overreaching

{¶ 16} First, we address "evidence of fraud or overreaching." When deciding whether to enforce a forum-selection clause, fraud "'must relate directly to the negotiation or acceptance of the forum selection clause itself, and not just to the contract generally.'" *Original Pizza Pan*, 2011-Ohio-1684, at ¶ 13, quoting *Four Seasons Ents. v. Tommel Fin. Servs., Inc.*, 2000 Ohio App. LEXIS 5223, *6 (8th Dist. Nov. 9, 2000). Appellants made no allegations and submitted no evidence regarding negotiation for or acceptance of the forum-selection clause. We find no evidence of fraud or overreaching in the formation of the provision that would justify not enforcing it.

### C. Unreasonable and Unjust

{¶ 17} We also find Appellants have not clearly shown that it would be "unreasonable and unjust" to require them to litigate in North Carolina. Honoring a forum-selection clause is unreasonable and unjust where "enforcement under the particular circumstances of the case would result in litigation in a jurisdiction so . . . difficult and inconvenient that plaintiff would for all 'practical purposes be deprived of his day in court.'" *Original Pizza Pan* at ¶ 14, quoting *Barrett v. Picker Internatl., Inc.*, 68 Ohio App.3d 820, 824 (8th Dist. 1990), quoting *Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-12 (1972). In *Barrett*, this court established factors that guide this determination. They include "(1) which law controls the contractual dispute; (2) what residency do the parties maintain; (3) where will the contract be executed; (4) where are the witnesses and parties to the litigation located; and (5) whether the forum's designated location is inconvenient to the parties." *Barrett* at 825, citing *Clinton v. Janger*, 583 F.Supp. 284 (N.D.Ill. 1984).

{¶ 18} Regarding which law controls the contractual dispute, the Service Agreements require this case to proceed under South Dakota law. This factor therefore does not support Appellants' request to set aside their agreement with Vestige to litigate in North Carolina.

{¶ 19} As for the parties' residency, this case offers us a choice between making a North Carolina company defend itself in Ohio or making an Ohio company advance its claims in North Carolina. Regardless of our decision, one side will have to litigate "on the road." By entering into the Service Agreements, the parties agreed

that it would be the Appellants. This factor, too, provides no basis for not enforcing the forum-selection clause.

{¶ 20} On the third factor, where the contract was executed, the complaint does not state where the contracts were signed. Klarfeld's affidavit, attached to his brief in opposition to Vestige's motion to dismiss, states that "[a]ll of the contracts signed by me were signed in . . . Ohio." However, we have no information regarding where Vestige signed the contract. This factor does not weigh in favor of litigating this case in Ohio.

{¶ 21} Regarding the location of the witnesses and parties, at least one — Klarfeld — lives in Ohio. However, Appellants' brief states that Vestige "hired and sent installers to Ohio," indicating that not all the witnesses to the installation are in this state. Further, Vestige is located in North Carolina. We have no information regarding whether its representatives are in Ohio. This factor does not demonstrate that litigating this case in North Carolina is unreasonable and unjust.

{¶ 22} We turn now to Appellants' arguments about the final *Barrett* factor, convenience of the parties. First, we are not persuaded that the location of the damaged cars — Ohio — makes litigating in North Carolina so inconvenient that enforcing the forum-selection clause is unreasonable and unjust, as Appellants argue. Appellants posit that enforcing the clause would require them to "somehow have all of the vehicles taken to North Carolina . . . ." Appellants do not explain why this would be necessary. Appellants attached to their complaint images that they

claim show damage to their cars. Among other possible ways to present evidence, Appellants could provide these photos to a North Carolina court.

{¶ 23} Further, Appellants argue that requiring Klarfeld to bring this case in North Carolina is unreasonable and unjust because he suffers from a medical condition. In an affidavit, Klarfeld attests that he has "severe medical issues and conditions which prohibit [him] from traveling long distances and causes [him] multiple hospital visits and stays." However, Klarfeld's affidavit does not specify from what medical condition he suffers, how it affects him physically, or what treatment is required. Appellants have not provided any medical records. Appellants have not shown that Klarfeld's medical condition makes litigating in North Carolina so inconvenient as to deprive him of his day in court.

{¶ 24} Appellants argue the Health Insurance Portability and Accountability Act ("HIPAA") protects Klarfeld from having to disclose information about his condition. However, HIPAA governs health-care providers; it does not prevent an individual from choosing to disclose his own medical information. *See* 45 C.F.R. 160.103 (defining "covered entity" for purposes of HIPAA). Klarfeld put his own medical status at issue by contesting the forum-selection provision on that basis.

{¶ 25} Having considered the *Barrett* factors, we find that Appellants have not demonstrated that, under the circumstances of this litigation, proceeding in North Carolina will deprive them of their day in court. We therefore find that enforcing the forum-selection clause is not unreasonable and unjust.

{¶ 26} For the reasons above, dismissal was appropriate. Accordingly, the sole assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR